May Term,
1841.

FINDLEY *v.* THE STATE.

FINDLEY
v.
THE STATE.

The refusal of the Court to change the venue in a criminal case cannot be assigned for error.

The overruling of an objection to illegal testimony offered cannot be assigned for error, if no such testimony was, in fact, introduced.

If evidence of the statement of a person accused of a crime tending to show his guilt, be objected to on the ground that the statement was made under the expectation of a benefit, &c., but it appear to the Court from the statement itself, &c., that it was not made under such expectation, the objection must fail.

If in a capital case, the jury be satisfied from the evidence, though circumstantial, beyond a reasonable doubt, of the defendant's guilt, they may convict him; and they may be so satisfied, without evidence proving or tending to prove that it was impossible that another should be the guilty person.

If the circumstances proved in such case do not satisfy the jury, beyond a rational doubt, of the defendant's guilt, he should be acquitted, whether he did or did not disprove any of those circumstances.

Monday,
June 7.

ERROR to the *Jackson* Circuit Court.

BLACKFORD, J.—Indictment for murder by shooting the deceased with a rifle. Plea, not guilty. Motion for a change of venue overruled; verdict against the defendant; motion for a new trial overruled; and judgment on the verdict.

The errors assigned are as follows: 1. The refusal of the Court to change the venue; 2. The admission of illegal evidence; 3. The refusal of the Court to give certain instructions to the jury.

The first error assigned is insufficient. The statute relative to a change of venue in criminal cases, after setting out the causes for which the prisoner may petition for a change of venue, says, "which change of venue the said Court may, *at its discretion,* award." R. S. 1838, p. 603. Under this statute, the granting or refusing of a petition for a change of venue, is entirely a matter of discretion with the Circuit Court, over which a Court of error has no control. It is not enacted, that, upon the prisoner's making an affidavit of the existence of either of the causes named in the statute for a change of venue, the venue *shall be changed;* but the enactment only is, that the party in such case has the right to petition, and that the Court may, *at its discretion,* change the venue. Although a legal cause for filing the petition exist, the right is still reserved to the Court to overrule the petition if they think proper.

The second error assigned, viz. the admission of illegal evidence, is also insufficient. The statement in the record as to this point is as follows: " On the trial of the cause, *Thomas Crabb* was introduced as a witness on the part of the state, and testified before the jury that he stayed at the house of the defendant the night after the body of the deceased, *Leroy Gilbert,* was found; that early the next morning, the defendant asked him to go out of the house with him, and he accordingly went with the defendant out of the sight and hearing of the company; that thereupon, when alone with the defendant, the defendant asked him what he thought of his, the defendant's case; that the witness then stated to the defendant that he had studied out a plan, provided the gun could be found, by which the defendant could come clear, or which would be to the defendant's advantage, (the witness did not remember which form of expression he used;) that the witness told the defendant he knew the common talk was that the man had died last night or a short time before, and the wife of the deceased said his gun would go off half cocked; that if defendant knew where the gun was and would tell him, the witness would take it and throw it within some reasonable distance of the place, and when the coroner came, they would not know whether he shot himself or not. The witness was then proceeding to state what the defendant said to him, when defendant objected to the witness' stating any confessions made to him by the defendant after the above proposition was made to the defendant by the witness, because such confessions were induced by the prospect held out to him by the witness, that the condition of the defendant would be bettered thereby; but the Court overruled the objection and directed the witness to state them. The witness accordingly stated that the defendant, in reply to him, said,—Oh God, *Tom,* that would never do; they would find out better; they would find out he was shot plumb dead; that the witness then said to the defendant, did you kill him *William?*. The defendant answered, no."

Whether any promise of favour made by the witness, he not having any authority, can exclude any confessions made by the defendant under the influence of such promise? or

whether the witness' language to the defendant, if otherwise unobjectionable, was calculated to produce the undue. influence, recognized by the law as rendering confessions made under it exceptionable? are questions which we shall not now stop to examine. Assuming, for the present, the affirmative of these questions, we must inquire whether any confessions of the defendant tending to show his guilt, and made under the influence to which we have alluded, were given in evidence? It is true, that the prosecutor proposed to introduce such evidence; that the defendant objected to it; and that the Court overruled the objection. But still we are of opinion that no such confessions, made under such influence, did, in reality, go to the jury as evidence; and if they did not, then the decision of the Court in favour of their admission did not injure the defendant, and he cannot complain of it. It is obvious that the statements of the defendant, admitted in evidence after the objection was overruled, though they had been made in reply to the proposition of the witness, were not made under an expectation that such statements would produce that advantage to the defendant, which it was the apparent object of the witness to obtain for him, nor, indeed, that they could procure for him any other advantage; and if the statements in question were not made under any such expectation of benefit to be received by the defendant in making them, the objection to them as evidence, on the ground that they were so made, has no foundation. Looking at the nature and object of the statements, and the circumstances under which they were made, we consider them to have been made freely and voluntarily, and, of course, not subject to the objection urged against their admission.

The last error assigned relates to the instructions to the jury asked for by the defendant and refused; and it must be observed, as to this part of the cause, that. the evidence was all circumstantial. The following is the first of these instructions: "To convict the defendant on circumstantial evidence alone, the circumstances must be of a conclusive nature; they must exclude, or tend to exclude, the *possibility* of the truth of any other person than the defendant being the murderer." This instruction, we think, was correctly refused.

It cannot be indispensable to a conviction on circumstantial evidence, that the evidence should exclude, or tend to exclude, the *possibility* that any other person than the defendant committed the crime. If the jury be satisfied from the evidence, beyond a reasonable doubt, of the defendant's guilt, they may convict him; and they may be so satisfied without evidence proving or tending to prove that it was impossible that another should be the guilty person.

The second of these instructions is as follows: " If the testimony before the jury does not prove the guilt of the defendant beyond a rational doubt, the fact that the defendant does not disprove circumstances proved before them, ought not to give additional weight to such circumstances as are proved, unless the jury believe the defendant has the means of disproving them if they be false." This instruction ought to have been given. If the circumstances proved did not satisfy the jury, beyond a rational doubt, of the defendant's guilt, he was entitled to an acquittal, whether he did or did not disprove any of those circumstances; and the Court, when asked, was bound so to instruct the jury.

The record shows that the Court gave a general charge to the jury, but as it is not set out, it can have no influence on the case.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*J. G. Marshall*, for the plaintiff.

*H. O'Neal*, for the state.