## WANTLAND v. THE STATE.

[No. 17,834. Filed May 8, 1896.]

INSTRUCTIONS.—*When Presumed to be Properly in Record.— Certificate of Clerk.*—An objection to the consideration, by the Supreme Court, of instructions given and refused, for the reason that the instructions contained in the record are the original instructions as given by the court, is not tenable, where it does not appear certainly that the instructions are not transcripts of the originals, and where the clerk certifies that they are.

SAME.—*Larceny.—Circumstantial Evidence.*— The defendant, in a criminal case, is entitled to an instruction upon request, that in order to convict on circumstantial evidence, the circumstances must be so strong as to exclude every other reasonable hypothesis, except that of the defendant's guilt, if such instruction is applicable to the evidence in the case.

LARCENY.—*Partnership Property.—Indictment.—Variance.—Statute Construed.*—Proof that stolen goods belonged to a partnership is not a fatal variance from the averment in an indictment for larceny that they belonged to a member thereof, in view of the statute, section 1822, Burns' R. S. 1894 (section 1753, R. S. 1881).

From the Monroe Circuit Court. *Reversed.*

*East & Miller,* for appellant.

*W. A. Ketcham,* Attorney-General, for State.

MCCABE, J.—The appellant was convicted of the

charge in the indictment of stealing certain personal goods of one Thomas King, of the value of $3.00, and sentenced to the penitentiary for one year, fined in the sum of $1.00, disfranchised and rendered incapable of holding any office of trust or profit for a period of one year.

The court overruled his motion for a new trial, which ruling is called in question by the assignment of error.

The evidence, on behalf of the State, tending to prove the appellant's guilt, was all circumstantial, there being no direct evidence of such guilt.

The giving and refusal of certain instructions are made causes specified in the motion for a new trial. The Attorney-General, on behalf of the State, objects to the consideration of said instructions, because he contends that they are not properly in the record. The contention is that the bill of exceptions is embraced in the longhand manuscript incorporating the evidence, and that the instructions contained in the record are the original instructions as given by the court, and insists that there is no authority for so incorporating them, citing in support of such contention, *Holt* v. *Rockhill*, 143 Ind. 530; *McCoy* v. *Able*, 131 Ind. 417. But the trouble about this contention is that it does not appear, certainly, that any longhand report of the evidence is embodied in the transcript, nor does it sufficiently appear that the instructions are not transcripts of the originals, especially as the clerk certifies that they are.

One of the instructions tendered by the appellant and refused by the court, reads thus: "4th. This is a case where the State seeks a conviction on circumstantial evidence. The defendant is presumed to be innocent until the contrary is made to appear by the evidence, and in a case of this kind, in order to con-

vict, the circumstances must be so strong as to exclude every other reasonable hypothesis, except that of the defendant's guilt."

That part of the instruction relating to and defining the rule as to circumstantial evidence was in no manner covered by any of the instructions given by the court.

The refused instruction was substantially a correct statement of the law as applicable to the evidence in the case. *Cavender* v. *State*, 126 Ind. 47; *Binns* v. *State*, 66 Ind. 428; *Stout* v. *State*, 90 Ind. 1; Gillett Crim. Law, section 873.

The evidence was of such a character that we can not say that the refusal of the instruction was a harmless error. The court erred in overruling the motion for a new trial.

The court also erred against the State in instructing that, if the goods stolen belonged to a partnership, of which King was a member, the proof would not be sufficient. The court probably overlooked the statute. R. S. 1894, section 1822 (R. S. 1881, section 1753).

The judgment is reversed and the cause remanded, with instructions to sustain the defendant's motion for a new trial.