## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### November 8, 1918.

## THE PEOPLE v. LOUIS MANTIN.

### (184 App. Div. 767.)

(1.) Penal Law, § 405—Entry of building with intent to commit felony or larceny or any malicious mischief*—Evidence.

Under section 405 of the Penal Law, defendant was charged with unlawfully entering a certain building with intent to commit larceny of the property therein, with intent to commit malicious mischief, and with intent to commit a felony. Evidence examined, and *held,* insufficient to warrant a conviction.

(2.) Same—If evidence sufficient to sustain conviction of one of the crimes, defendant not entitled to reversal.

Where a defendant has been convicted of all the crimes charged in the information, if the evidence be sufficient to sustain the conviction with respect to one of them, he is not entitled to a reversal.

(3.) Same—Prior convictions cannot be considered if defendant does not take the stand.

Where a defendant did not take the stand, prior convictions cannot be considered on the question of his guilt.

(4.) Same—Presumption of innocence.

A defendant is entitled to the statutory presumption of innocence until his guilt is established beyond a reasonable doubt, and his failure to testify does not create any presumption against him.

(5.) Same—Proof beyond reasonable doubt.

A defendant is also entitled to the benefit of the general rule that the evidence must exclude to a moral certainty every reasonable hypothesis of innocence, and that the facts proved must be inconsistent with innocence, and that an inference of guilt must be the only inference that can reasonably be drawn therefrom.

---

* See Note on Burglary, Vol. 27, p. 426.

APPEAL by the defendant, Louis Mantin, from a judgment of the Court of Special Sessions of the City of New York, Part VI, rendered against him on the 21st day of January, 1918, convicting him on an information charging him with a violation of all provisions of section 405 of the Penal Law.

*Jay A. Gilman,* for the appellant.

*Don Carlos Buell* of counsel (*Edward Swann, District Attorney*), for the respondent.

LAUGHLIN, J.:

Section 405 of the Penal Law, under which the conviction was had, provides as follows: " A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a felony or a larceny, or any malicious mischief, is guilty of a misdemeanor."

The charge is that the appellant unlawfully entered the building known as No. 36 West Twenty-fourth street, on the 23rd day of September, 1917, under circumstances, and in a manner not amounting to burglary, with intent to commit larceny of the property therein of divers persons, and with intent to commit malicious mischief by unlawfully injuring and destroying said property and with intent to commit a felony of a nature and description unknown to the district attorney. The conviction was by a majority vote and on the information as charged. The appellant, therefore, stands convicted of the three counts specified in the statute. It is, I presume, possible but I think not probable, that he intended to commit all of the crimes charged, for it would seem that to injure or destroy the property would tend to defeat the purpose of stealing it. However, since he has been convicted of all the crimes charged, if the evidence be sufficient to sustain the con-

viction with respect to one of them, he is not entitled to a reversal.

It was Sunday morning, and the building which he entered was a twelve or fourteen-story loft building, known as 36 and 38 West Twenty-fourth street, in which ten lofts were occupied by tenants conducting wholesale silk and woolen business consisting of coats, waists, undergarments and braids. The firm of Goodman & Co. occupied the second and third floor lofts and, owing to the fact that they observed Saturday as their Sabbath, their lofts were open and they were conducting business there at the time. The evidence tends to show that appellant was not employed in the building or connected with any of the firms doing business there; that he was on Twenty-fourth street, between Sixth avenue and Broadway, and met one Millman in the middle of the block, and they conversed and then walked Millman on the westerly and appellant on the easterly side of to Sixth avenue, and then separated and walked northerly, the avenue; that a policeman, walking in the same direction ahead of them stopped, and thereupon Millman motioned to appellant, and then both turned back and walked down to Twenty-fourth street, and then easterly to this building, and appellant entered it and in fifteen or twenty minutes came out and joined Millman and conversed with him again; that they then separated and walked around the block, appellant walking ahead and into Twenty-fourth street again and up Sixth avenue to Twenty-eighth street and back to Twenty-fourth street, and appellant entered the building again, and after remaining about fifteen minutes came out and walked to Sixth avenue, and south to Twenty-third street, and east on Twenty-third street to Fourth avenue, Millman following and then joining him and they conversed and were then arrested. A member of the police detective bureau, who had been in the street watching them, entered the loft on the second floor of the building on the occasion of appellant's second entry and watched them from the

loft window; but there is no evidence with respect to where appellant went or remained after entering the building on either occasion, or what he did there, if anything. On being placed under arrest appellant denied that he had entered the building or that he had ever seen Millman until he happened to meet him at Twenty-third street and Broadway just before the arrest, and denied that he knew Millman had "tools" found on him, but not otherwise described, and Millman denied knowing appellant.

After the appellant was convicted his record was taken, preliminary to passing sentence, and it appeared that he had been previously convicted of larceny and had served twenty-two months in a penitentiary and twelve months and twenty days in the Elmira Reformatory. The appellant, however, did not take the stand and, therefore, the prior convictions were not and could not be considered on the question of his guilt.

The defendant is entitled to the statutory presumption of innocence until his guilt is established beyond a reasonable doubt (Code Crim. Pro., § 389), and his failure to testify does not create any presumption against him. (Code Crim. Pro., § 393.) He is also entitled to the benefit of the general rule that the evidence must exclude to a moral certainty every reasonable hypothesis of innocence and that the facts proved must be inconsistent with innocence and that an inference of guilt must be the only inference that can reasonably be drawn therefrom. (People v. Razezicz, 206 N. Y. 249; People v. Ledwon, 153 id. 10; People v. Bennett, 49 id. 137, 144; People v. Place, 157 id. 584; People v. Adrogna, 139 App. Div. 595; People v. Bonifacio, 190 N. Y. 150.) There is no evidence of any motive to commit malicious mischief. No pistol or other weapon or instrument or evidence of an intent to commit a crime was found on the defendant. What felony did he intend to commit? Was it murder, arson, assault or what? The evidence does not exclude every reasonable hypothesis of

innocence or point only to his guilt. His conduct, particularly in view of his denials at the time of the arrest, was suspicious, but it does not show that he intended to commit any one of the crimes of which he has been convicted. As was stated by Mr. Justice FINCH in granting a certificate of reasonable doubt, he may have been waiting or endeavoring to see some one employed in the building or who he expected would be or come there. It does not appear but that he was acquainted with the superintendent of the building, or an enigineer, or fireman or other person employed by the owner, and may have been desirous of seeing one of them.

We are of opinion, therefore, that the evidence is insufficient to warrant his conviction. It follows that the conviction should be reversed and defendant discharged.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Judgment reversed and defendant discharged. Order to be settled on notice.

---

## NOTE ON UNLAWFULLY ENTERING BUILDING.

A person is guilty of a misdemeanor in assisting in the breaking into of a dead-house and taking three coffins therefrom. (Bornmann v. The Star Company, 174 N. Y. 220.)

Where, upon the trial of an indictment a "breaking" is established as uncontradicted evidence, it was an error for the court to refuse to charge the jury that they might convict on misdemeanor under Penal Code 505, from which code Criminal Procedure 405 is derived. (People v. Meegan, 104 N. Y. 529.)

Proof that four professional thieves, acting in concert, enter a city bank in the daytime, at which they have no business, that they presently go in and come out and converse upon an adjacent corner. In committing them for trial upon a charge of unlawfully entering the building. (Putman v. Lincoln Safe Deposit Company, 34 Misc. 332.)