## HINER v. STATE OF INDIANA.

[No. 24,770.  Filed October 27, 1925.]

1. CRIMINAL LAW.—*Evidence withheld by the State authorizes inference that it would be unfavorable to prosecution.*—Where pertinent evidence that could have been produced is not introduced by the State, the inference is authorized that if such evidence had been given, it would have been unfavorable to the prosecution.  p. 596.

2. CRIMINAL LAW.—*Fact may be established by inferences from other proved facts.*—A fact may be established by inferences drawn from other proved facts.  p. 597.

3. CRIMINAL LAW.—*Weighing of evidence goes only to the truth or falsity of the evidence, and does not extend to calculation based on suspicions, possibilities or suppositions.*—In a trial by the court, it is within the province of the court to weigh the evidence, but such mental process goes only to the truth or falsity of the evidence, and does not extend to a calculation based on mere suspicions, possibilities or suppositions that might arise from the evidence.  p. 598.

4. CRIMINAL LAW.—*When prosecution rests wholly or partially on circumstantial evidence, circumstances proved must be consistent with each other, and, taken together, must point surely in the direction of guilt.*—When a prosecution rests wholly or partially upon circumstantial evidence, the circumstances proved must be consistent with each other, and, taken together, they must point surely and unerringly in the direction of guilt.  p. 599.

5. INTOXICATING LIQUORS.—*Evidence held not to sustain finding of guilt of possessing still and distilling apparatus for manufacture of intoxicating liquor.*—Evidence held not to sustain court's finding that defendant was guilty of possessing a still and distilling apparatus for the manufacture of intoxicating liquor.  p. 599.

6. CRIMINAL LAW.—*Testimony giving statements of defendant's wife, in his absence, held inadmissible because hearsay.*—In prosecution for having possession of a still and distilling apparatus for the manufacture of intoxicating liquor, testimony of a police officer of statements of defendant's wife, in his absence, in proof of fact necessary in the chain of circumstantial evidence to connect defendant with the premises where the articles were found, being hearsay, was inadmissible.  p. 599.

From Marion Criminal Court (56,236); *James A. Collins,* Judge.

Byron Hiner was convicted of possessing a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals.   *Reversed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *George A. Matlock,* for the State.

TRAVIS, J.—Appellant was charged with unlawfully possessing a still and distilling apparatus for the manufacture of intoxicating liquor.   (Acts 1923 p. 107.) The trial was before the court, which found appellant guilty of the charge.   Motion for a new trial for the reasons that the finding of guilty is not sustained by sufficient ·evidence, and is contrary to law, and error in the admission of evidence, was overruled.   Judgment upon the finding.

The evidence most favorable to the finding of guilty is, that a fire occurred December 29, 1923, on the second floor of the dwelling house at 1020 North Illinois street, Indianapolis, which was attended by the fire department.   Before all the firemen had departed, some police officers arrived and made an investigation of the premises.   As a result of this investigation, there were found by the police officers on the south side of the front room on the second floor of the house, a one hundred-gallon still, which was warm, nine fifty-gallon barrels, two force pumps, hose, acetylene tanks, two hundred and seventy-five gallons of mash, and a five-gallon can which contained three gallons of whisky.   The officers also testified that there was no furniture on the second floor of the house, upon which the still and other articles were found, other than the frame of an old bed.   One of the officers testified that appellant and his wife lived in the house during the month of December, and that the wife, at the house, in the absence of appellant, told him that she and appellant lived there, which hearsay

evidence was admitted over the objection of appellant. All the officers testified that they had not seen defendant there. At the time of the arrival of the policemen, appellant's wife was there and was placed under arrest. Appellant was not arrested until the following month of March. In behalf of the defendant, his wife testified that she rented four rooms on the first floor of this house from a Mr. Brown, who, with his wife, lived on the second floor of the house. Other than the evidence of the wife of appellant concerning her interest in the dwelling house, there is no evidence to show by whom the property was owned, whether it had been rented or not, and if so by whom, or who, if anyone, occupied the house, except that in reply to questions by the court asked of one of the officers, he testified: "I don't know in whose name it was rented. Here are the receipts and bills."

From the evidence given in behalf of appellee, it is apparent that it was in the mouth of appellee to give testimonial evidence of the name of the tenant

1. of the dwelling house and the amount of the rent, for the officer testified that he held the receipts. It was within the power of appellee to bring evidence as to the ownership of the premises, if not testimonial evidence, then record evidence. Upon failure of any witness for appellee to state that he had ever seen appellant on the premises, appellee might have brought such testimonial evidence in proof of whether or not appellant owned or rented or had the use of the second floor of the dwelling, from which it might have been inferred that he had been there and was in possession or control of the still and distilling apparatus. It was incumbent upon appellee to produce evidence that would naturally have been produced in an honest effort to support the charge in the indictment, and its nonproduction permits the inference that if such evidence had been

given, its tenor would have been unfavorable to appellee. The rule of the nonproduction of evidence naturally expected from witnesses within the power of the party to be produced even goes so far that the failure to produce available witnesses is taken as negativing the fact alleged. 1 Wigmore, Evidence (2d ed.) note to §285.

Although it is not admitted by the appellee, it is apparent that each material element of the offense charged is not proved by testimonial evidence, and it re-

2. mains to be found whether the circumstantial evidence in the case, together with the testimonial evidence, is sufficient to support inferences in proof of those material elements necessary to complete the offense not proved by testimonial evidence. There is no evidence concerning the ownership of the still and other property found, or who had possession or control of them, or who used them. The owners of the dwelling house were not witnesses, and there was no evidence given by any other witness of the plan of the house or any story thereof, or any approach thereto, or to show any connection or stairway between the first and second floors of the dwelling, or of how many floors the house consisted. There is no testimonial evidence that appellant was owner or lessee of the dwelling house or residence, or that he was proprietor or manager in any manner of it, or of any part of it. Inasmuch as there is no proof connecting appellant with the ownership or any other interest in the house, or the ownership or control of the still or any other property found on the second floor of the dwelling, such fact being a necessary element of the offense must follow by inference from other proved facts. The only fact in evidence from which such fact of ownership or control can be inferred is the evidence by the officer who testified that appellant and his wife lived in the house during the

month of December, and who also testified that appellant's wife told him so, over appellant's objection, and who also testified that he had not seen appellant there. Although it is incumbent upon the state to prove every material element of the offense charged, yet great latitude is given by the rule that a fact may be established by inferences drawn from other proved facts.

From the proved fact that appellant and his wife lived in the house during the month of December, which is the only evidence in the case to support an

3. inference that appellant had anything to do with the still, it might be said that suspicion pointed very strongly to the possibility that appellant owned or controlled the still. At best, such evidence would warrant only a guess, or be a basis for the possibility, that appellant not only lived on the first floor during the month of December, but that he also owned or rented or had control of the second floor of the building, and that he either owned or had control of the still at the time it was found by the officers. Such evidence is insufficient to support an inference of the fact of ownership of the still, which fact is necessary to complete the offense. It follows that the proof in the record does not coincide with the hypothesis of the guilt of appellant, without considering that such proof must be inconsistent with any other rational conclusion. It was within the province of the court in this case to weigh the evidence, but such mental process goes to the truth or falsity of the evidence, and does not extend to a calculation on the mere suspicions, possibilities, suppositions, to support the finding of guilty. *People* v. *Acerno* (1918), 172 N. Y. Supp. 373, 184 App. Div. 541; *State* v. *Chafin* (1916), 78 W. Va. 140, 88 S. E. 657; *Cohn* v. *Saidel* (1902), 71 N. H. 558, 53 Atl. 800.

In the consideration of cases which rest partially or wholly upon circumstantial evidence, each case must be

acted upon wholly by itself, and the result is to 4, 5. be determined from the circumstances peculiar to it. But all the circumstances as proved must be consistent with each other, and, taken together, they must point surely and unerringly in the direction of guilt. In the case at bar, the evidence falls far short of this rule and the court is of the opinion that the evidence, at best, but supports a guess or a supposition that appellant was connected in any manner with the still and distilling apparatus. The conclusion follows that the finding of the trial court is not supported by sufficient evidence. *Wantland* v. *State* (1896), 145 Ind. 38, 43 N. E. 931; *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489; *Cavender* v. *State* (1890), 126 Ind. 47, 25 N. E. 875; *Findley* v. *State* (1841), 5 Blackf. 576, 36 Am. Dec. 557.

The police officer testified that he had a conversation with appellant's wife the day of the fire at the house in question, in the absence of appellant, in proof 6. of a fact necessary in the chain of circumstantial evidence to connect appellant with the premises. The witness was permitted to testify to the conversation over the objection of appellant. The answers given were hearsay. The admission of the evidence does not come within any exception to the general rule which excludes hearsay evidence. The action of the trial court, overruling appellant's objection to the question put to the witness which elicited this evidence, was error.

The motion for a new trial ought to have been sustained. The Marion Criminal Court is ordered to sustain the motion for a new trial.

Judgment reversed.