THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PHILIP RIGGI and Another, Defendants.

County Court, Niagara County, July 30, 1934.

*Raymond A. Knowles, District Attorney [Harry L. Gilrie* of counsel], for the plaintiff.

*William B. Mahoney,* for the defendants.

GOLD, J. The defendants herein were indicted by a grand jury of Niagara county at the March, 1934, term, for burglary, third degree, grand larceny, first degree, and criminally receiving stolen property.

Subsequently the defendants were also indicted for the crime of criminally receiving stolen property in the county of Erie, it having been charged that they were in possession of the stolen property in said latter county. The property was the same property involved in each indictment.

This motion is made on behalf of the defendants for a dismissal of the indictment on the ground that there was no evidence of the crime charged in the county of Niagara.

An order was granted to inspect the grand jury minutes and said minutes have been examined by this court to ascertain whether or not there was sufficient evidence with which to charge the defendants with said crime in Niagara county.

Article I, section 6, of the Constitution of the State of New York, provides, among other things, as follows: " No person shall be subject to be twice put in jeopardy for the same offense."

The defendants, therefore, cannot be tried in both counties for committing the crime of criminally receiving stolen property.

To constitute the crime of criminally receiving stolen property it must be shown that the property was stolen by someone; that it was bought, received, concealed or withheld by the defendant; that he knew that the property was stolen, and that he received the property with felonious intent. (*People* v. *Acerno*, 184 App. Div. 541.)

An analysis of the evidence before the grand jury of Niagara county reveals that the property was stolen by someone, but there is no evidence that defendants had stolen the same or broken in the premises to steal it, and there is no evidence that these defendants at any time had the same within the county of Niagara. This proof is absolutely necessary in order to charge the defendants with having committed the crime in the county of Niagara. The evidence before the grand jury in Niagara county reveals the fact that these defendants had possession of the goods alleged to have been stolen in the county of Erie, as they were taken from the possession of the defendants in said county, and there is no evidence that they had the same in any other county.

The Court of Appeals of this State has passed upon a situation similar to the case in this court. An automobile was stolen in the county of New York. It was sold a few days later in the county of Kings. An indictment was found against the defendant in the county of New York on two counts, one for larceny, and the other for receiving stolen property. The jury, having received the case on both counts, acquitted the defendant on the first and convicted him on the second. The Appellate Division reversed the conviction upon the ground that the only evidence of the offense of criminally receiving was evidence of an offense committed in the county of Kings. The court held that with the finding of the defendant innocent of the crime of larceny, it could see no basis

for the conclusion that the defendant's possession had a beginning in any county except Kings. (*People* v. *Spivak*, 237 N. Y. 460.)

The only evidence in this case being that the defendants were in possession of the stolen property in Erie county, Niagara county has no jurisdiction to try the defendants for this crime, and there is no evidence whatever that they committed the crime of burglary or grand larceny in Niagara county.

The indictment, therefore, found in Niagara county is dismissed. Let an order be entered accordingly.