THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDGAR ORR, Appellant.

(Submitted January 15, 1936; decided March 3, 1936.)

194

*Samuel Segal* for appellant. The circumstantial evidence did not meet the standard required in a criminal case. (*People* v. *Fitzgerald*, 156 N. Y. 253; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *People* v. *Razezicz*, 206 N. Y. 249.) The People failed to prove defendant guilty beyond a reasonable doubt. (*People* v. *Goldberg*, 151 Misc. Rep. 386; *People* v. *Mantin*, 184 App. Div. 767; *People* v. *Owens*, 148 N. Y. 648.)

*William Copeland Dodge, District Attorney* (*Ambrose J. Delehanty* of counsel), for respondent. The People's case was fully proved. (*People* v. *Birnbaum*, 208 App. Div. 476; *People* v. *Smith*, 114 App. Div. 513; *People* v. *McCarthy*, 250 N. Y. 358.)

FINCH, J. The defendant-appellant has been convicted of the crime of unlawfully entering a building with the intent to commit a larceny, felony and malicious mischief therein. The Appellate Division has sustained the conviction, two justices dissenting. This appeal is by permission of a justice of the Appellate Division.

The evidence in the record may be summarized as follows:

On January 29, 1935, at 6:35 P. M., a detective employed by the Holmes Protective Agency encountered the defendant running down the freight side or fire exit stairs from the second floor of a twenty-story building. The detective, who had come to the freight side of the building from the Holmes office, which was on the second floor, asked the defendant from whence he came, and he stated that he was coming from a firm on the fifth floor. Investiga-

tion showed that this firm had already been closed for the night. A policeman, who had arrived, asked the defendant what he was doing in the building and he explained that he had been sent by a trucking concern to obtain a package for delivery. This also proved to be false. At 7:50 p. m. a Holmes detective found a screen panel, which was normally attached to the door on the seventeenth floor, leaning against the wall on that floor. Nobody testified that he had placed the screen on the door that evening, but there was testimony that the floor had been closed and that the Holmes Company had given a reply signal which meant that every screen and door was locked. The defendant when taken into custody had with him no bag, no keys, nor tools of any kind. There was testimony that many people were working late in the building and that they were constantly going up and down.

A defendant may be convicted on circumstantial evidence, but with circumstances lacking and mere suspicion substituted, no conviction can be sustained. In the case at bar one suspects that the defendant may have removed the screen from the door on the seventeenth floor, but this is a mere surmise drawn from the fact that the defendant was found running down the stairs from the second floor to the street. Proof is lacking as to the time of the removal of the screen panel. All we have is that the office on the seventeenth floor was locked for the night at approximately 6 p. m. and that at 7:50 p. m. the screen panel was found to have been removed. The defendant, on the other hand, was found running down the stairs at 6:35 p. m. Thus there is not even the circumstance of the sequence of time to show that the screen panel was removed before the defendant ran down the stairs.

The evidence in the case at bar is inadequate to sustain a conviction for the crime of unlawful entry. In this record we have only the fact that this defendant was found running down the stairs of the building and that

he gave the policeman and the Holmes detective a false explanation for his presence in the building. We have nothing to show that this defendant was ever on the seventeenth floor. There is not even evidence that the Holmes detective went to the freight side of the building in response to an alarm received from the seventeenth floor. Suspicions arising from the falsity of the explanation given by the defendant do not remedy this lack of proof to connect the defendant with the removal of the screen. Such suspicions are not proof. The defendant's presence in the premises was as consistent with his innocence as with his guilt. His conduct at the time of his arrest was suspicious but it did not show that he committed or intended to commit a crime.

We find that the conviction cannot be sustained on the facts in this record.

The judgments should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.