The People of the State of New York, Respondent, *v.* Abe Cooperman, Appellant.

First Department, April 1, 1938.

*Abraham Umanov* of counsel [*David H. Shapiro* with him on the brief], for the appellant.

*Harris B. Steinberg* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

Per Curiam. The facts in this case sufficiently distinguish it from *People* v. *Orr* (270 N. Y. 193). There the defendant was found running down the stairs in the building where many people were working at the time and constantly going up and down. Here defendant was found hiding for a considerable period of time in a ladies' lavatory on the sixth floor of an office building after he had been observed running upstairs from the fifth to the sixth floor at the close of the usual business hours. He told the officer he went to the building to use the toilet, that he did not find a toilet on any other floor. But the proof showed that he passed a men's toilet on the fifth floor, and was then seen " rushing " upstairs. He later told the police officer that he was there because he knew a young lady in the building. The building was located at Broadway and Thirty-second street in the city of New York, and there were numerous hotels, grills, bars and cafes in the neighborhood. Girls and women were employed in the building, and many of them worked on the sixth floor where defendant was apprehended hiding in the ladies' toilet. The facts and circumstances point to the conclusion

that defendant entered the building with intent to commit a crime.

The judgment of conviction should be affirmed.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.; COHN, J., dissents and votes to reverse and dismiss the information.

COHN, J. (dissenting). I dissent and vote to reverse the conviction and dismiss the information upon the ground that there was a failure of proof on the part of the People to show that defendant had unlawfully entered a building, under circumstances not amounting to burglary, with intent to commit a crime. (Penal Law, § 405, as amd. by Laws of 1935, chap. 666.)

The evidence shows that at about six P. M. on November 18, 1937, this defendant was seen running from the fifth to the sixth floor of an office building and was thereafter found in the ladies' lavatory at the head of the stairs on the sixth floor. No weapons or stolen property were found upon him nor was any evidence adduced to show that any property in the building had been tampered with by any one or that a crime had been committed or was about to be committed by him anywhere in the building. While it may well be that defendant's conduct was suspicious and that he entered the building for an evil purpose, his presence there was perfectly consistent with innocence. (*People* v. *Orr*, 270 N. Y. 193; *People* v. *Mantin*, 184 App. Div. 767.) In the *Orr* case the Court of Appeals reversed a judgment of conviction for a similar charge in a situation not unlike the present one. There Judge FINCH, speaking for the court (at p. 196), said: " Such suspicions are not proof. The defendant's presence in the premises was as consistent with his innocence as with his guilt. His conduct at the time of his arrest was suspicious but it did not show that he committed or intended to commit a crime."

The People's evidence here was insufficient to exclude a reasonable doubt, and the defendant should not have been convicted upon mere speculation or surmise that he entered the building with an intent to commit a crime.

Judgment affirmed.