The People of the State of New York, Respondent, *v.* Charles Kobryn, Appellant.

Fourth Department, January 18, 1957.

*Merwin Morehouse* for appellant.

*Harry L. Rosenthal, District Attorney (Nicholas P. Varlan* of counsel), for respondent.

KIMBALL, J.   The appellant and a codefendant were convicted of the crime of burglary in the third degree, a violation of section 404 of the Penal Law.   The indictment charged that they feloniously broke and entered the building of Abraham Schackett with intent to commit larceny therein.   There was direct evidence that some glass bricks in a basement window had been broken out, leaving an opening about 15 inches square, which opening was about 6 feet above the level of the basement floor.   There was also direct evidence that a door between the premises described in the indictment and the premises of Monarch Music Co., adjoining on the north, had been forced open and the lock broken.   It is the proof that there had been nothing stolen from the premises mentioned in the indictment nor, for that matter, from the premises of the Monarch Music Co.   The only direct evidence which tends to connect the appellant and the codefendant with the crime charged is the testimony of two police officers who said they saw the two defendants on the outside of the building shortly after receiving a call to proceed to the described premises.   The officers testified that the appellant was standing on low ground on the west side of the building and the codefendant was clinging to the outside of a window or was crouched on the sill of the window on the west side of the building.   Apparently this window was in the premises of the Monarch Music Co. and not in the premises described in the indictment.   In any event, the People's evidence was that such window had been opened or unfastened from the inside.   The officers testified that both defendants fled from the scene, the appellant going a short distance across a parking lot, to the rear of a grill or restaurant which was open and doing business and the codefendant running to the back of the premises and going over a fence.   They also testified that the defendants denied that they knew each other.

There is no evidence of larceny.   No proof was made that the defendants or either of them had been in possession of or had used a pinch bar which was said to have been found in the grass back of the building.   There was no proof of fingerprints and no proof of any effort to obtain them.   There was no evidence that

any clothing or other thing identified as belonging to either defendant was found in the premises. There was no proof of blood stains on the broken basement window or anywhere inside or outside the premises although there was testimony that the codefendant had recent wounds on his forehead and finger. The evidence was very unsatisfactory that fine particles of glass, found with other debris in the pockets or cuffs of the codefendant's clothing, were from the glass bricks of the basement window.

Proof of the essential elements of the crime, i.e., breaking and entering and the intent to commit larceny had to depend solely upon circumstantial evidence. There is no direct evidence that the defendants or either of them broke the glass in the basement window or that they entered the premises either through that window or in any other manner. There are no proven facts upon which to base an inference that they had an intent to steal. Inferences may not be drawn from inferences but only from facts proved by direct evidence. It is evident that someone broke the glass in the basement window and that someone forced the door between the two premises. We find insufficient proof of facts to warrant the inference that these defendants were such persons and we are of the opinion that a finding, implicit in the verdict, of a felonious breaking and entering with intent to steal on the part of this appellant is against the weight of evidence. Flight and false explanations, even if proved, give rise to suspicions. Convictions may not be had on suspicious circumstances. The factual situation here is not dissimilar to that presented in *People* v. *Orr* (270 N. Y. 193). In reversing the conviction, the Court of Appeals held that the evidence was inadequate to sustain it. Judge FINCH wrote (p. 196): "Suspicions arising from the falsity of the explanation given by the defendant do not remedy this lack of proof to connect the defendant with the removal of the screen. Such suspicions are not proof. The defendant's presence in the premises was as consistent with his innocence as with his guilt. His conduct at the time of his arrest was suspicious but it did not show that he committed or intended to commit a crime." In the instant case, the jury was not permitted to pass upon the question of whether the defendants were guilty of an attempt to commit burglary. No exception was taken, however, and no request made for such instruction.

The judgment as to this appellant should be reversed and a new trial granted.

All concur, except BASTOW, J., who dissents and votes for affirmance. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Judgment of conviction reversed on the facts and a new trial granted.