J. Irwin Shapiro, J.
When this case appeared on the Call Calendar on Friday, September 22, 1961, the attorney for the three defendants requested that the court accept his oral motion to dismiss the indictment upon the court’s own inspection of the Grand Jury minutes. The District Attorney consented and immediately delivered the Grand Jury minutes to the court.
After reading the testimony adduced before the Grand Jury the court dismissed the indictment as against the defendants thomas desio and george pierrpont placing his reasons therefor on the record. Decision was reserved on the motion to dismiss as against the remaining defendant huff.
On or about January 26, 1961 the premises of lorenz schnedder & co. in the Borough of Queens, were burglarized.
Entry was made through the roof of the premises through which a hole was sawed. Close to the hole a handle of a saw was found by the police.
On January 30, 1961 the New York City police were notified that three persons then in custody in Nassau County were suspected of being the burglars of the lorenz schnedder & co. plant. The three men were questioned but no admissions were elicited.
While the record does not make it clear it may be assumed for the purposes of this motion that when the defendant huff was apprehended in Nassau County a saw was found in his possession. An expert testified that he had compared the handle of the saw which was found at the scene of the burglary with the saw which was found in the possession of the defendant huff and he concluded that the grains from the saw coincided with the broken handle and that they in all respects fitted together; that the colors of the two parts matched and that in his opinion the handle was originally a part of the saw.
It is upon the basis of that matching of the handle of the saw found at the scene and the saw itself which was found in the possession of the defendant huff three days later that the defendant huff was indicted and charged with burglary and larceny.
The court is of the opinion that possession of a part of the saw by huff which matched a part of the saw found at the scene of the burglary is legally insufficient to warrant charging huff with the commission of the burglary. Here, in order to connect huff with the burglary the inference would have to be drawn that the part of the saw found on the roof was used in the burglary — there being no evidence of that fact, and even if *480 that could be inferred, it would have to further be inferred that the person who used the saw to commit the burglary was in fact the defendant huff. Such inferences while perhaps permissible in the field of abstract logic are not legally permissible. (People v. Cooperman, 279 N. Y. 599; People v. Orr, 270 N. Y. 193.)
The situation here presented is not analogous to the possession of recently stolen property where an inference may be drawn that the possessor thereof was the one who brought about its improper or illegal possession. In such an instance no inference is required as to whether the property has been stolen; that is established by direct evidence and the only inference engaged in is whether the possessor’s possession is a wrongful one.
Under the circumstances the indictment as to the defendant huff must be and is dismissed.
Upon the dismissal of the indictment as against the defendants desio and pierrpont upon the argument, the court afforded the District Attorney an opportunity to re-present the matter to a Grand Jury on or before October 31,1961, if he so desires.
The same direction is made with respect to the defendant HUFF.