■ SILAS BROWN, an Infant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK.— Motion for leave to appeal as a poor person granted only to the extent of permitting the appeal to be heard upon a typewritten or mimeographed record, without printing the same, and upon typewritten or mimeographed appellants' points, upon condition that the appellants serve one copy of the typewritten or mimeographed record and one copy of the typewritten or mimeographed appellants' points on the Corporation Counsel of the City of New York and files 6 typewritten copies or 19 mimeographed copies of both the record on appeal and appellants' points with this court. In all other respects, the motion is denied. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID PEAL.— Order of this court entered on March 17, 1960 assigning Donald C. Lanza, Esq., as counsel for defendant-appellant, is vacated, and George J. Todaro, Esq., of 135 Broadway, New York, N. Y., is assigned as counsel for defendant-appellant in the place and stead of Donald C. Lanza, Esq. Concur — Botein, P. J., Breitel, Rabin and Valente, JJ.

## (April 19, 1962)

■ In the Matter of FRANK O. MONICO, Petitioner, v. STEPHEN P. KENNEDY, as Police Commissioner of the Police Department of the City of New York, Respondent.— Determination of respondent Police Commissioner, dismissing petitioner from the Police Department at the end of his probationary period, unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. Following a brawl between petitioner and another officer, respondent directed a departmental trial. Adopting the Trial Commissioner's findings without independent knowledge of the facts or the testimony, respondent issued the order appealed from. While a decision so made is generally improper and not allowed to stand, that is not the case here. The effect of the order is that at the conclusion of the petitioner's probationary period he was not appointed to the police force. In determining whether or not to appoint a probationary patrolman to the regular force, the respondent Commissioner may rely on reports of his subordinates as to the conduct or character of the probationer and, barring a determination that can be shown to be arbitrary, his conclusion is final (*Matter of Delicati* v. *Schechter*, 3 A D 2d 19). There is no requirement that there be a hearing (*Matter of Voll* v. *Helbing*, 256 App. Div. 44). The provision of the determination fining the petitioner 10 days' pay has not been enforced and petitioner has not been aggrieved thereby. The determination is consequently confirmed as a justifiable failure to appoint petitioner rather than as a disciplinary action. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES COOK, Appellant.— Judgment of conviction of the crime of unlawful entry (Penal Law, § 405) unanimously reversed, on the facts and on the law, and the information dismissed. To convict defendant of the crime of unlawful entry required proof that he entered the building unlawfully with intent to commit a crime therein. There is present here only a strong suspicion that defendant was the intruder who was seen entering the premises and no proof whatsoever that even if he were that intruder he intended to commit a crime inside the building (*People* v. *Galloway*, 297 N. Y. 931; *People* v. *Cooperman*, 279 N. Y. 599; *People* v. *Orr*, 270 N. Y. 193; *People* v. *Derby*, 275 App. Div. 655). Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.