Scotty CASH, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-9206-CR-00440.

Supreme Court of Indiana.

March 4, 1993.

William L. Soards, Soards & Fruechtenicht, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder and Theft, a Class A felony. He received an enhanced sentence of sixty (60) years on the murder charge and one and one-half (1½) years on the theft charge, the sentences to be served concurrently.

The facts are: On June 26, 1991, the body of Warren Lightfritz was found with severe head and facial injuries apparently inflicted by a concrete block lying nearby. He also had deep cuts on his hands indicative of defensive wounds. During their investigation, the police learned that Lightfritz had been in the company of appellant shortly before his death. They also learned that he was the owner of some white tennis shoes and a wristwatch which were missing.

At the time police located appellant, he was wearing tennis shoes, which were later identified as those having belonged to Lightfritz, and he also was wearing Lightfritz's wristwatch. Appellant gave a statement to the police officers to the effect that he and Lightfritz had been camping out and that they were attacked by a gang who severely beat both of them. However, he was able to escape.

When first questioned, he claimed the wristwatch he was wearing was his and that he had owned it for some time. However, he later changed his story and admitted that the wristwatch belonged to Lightfritz. He then claimed that instead of fleeing the scene immediately after the gang attacked he stayed until after the gang had left then removed Lightfritz's wristwatch, took his shoes, and departed. Appellant never reported the incident to police prior to his apprehension.

■ The sole issue raised by appellant is that the evidence is insufficient to sustain the verdict of the jury. Appellant concedes that this Court does not reweigh evidence, citing *Baker v. State* (1986), Ind., 491 N.E.2d 524. Appellant takes the position, however, that the evidence in this case is insufficient to sustain the verdict of the jury and correctly states that courts may not make a finding of guilty on a mere suspicion or possibility that a defendant is guilty, citing *Tibbs v. State* (1970), 255 Ind. 309, 263 N.E.2d 728, and *Hiner v. State* (1925), 196 Ind. 594, 149 N.E. 168.

We cannot agree with appellant in his analysis of the evidence against him. Although there is no direct evidence of an attack against the decedent by the appellant, there is evidence that appellant had a considerable amount of blood on his clothing shortly after the decedent's death, and the amount of blood was more than to be expected from a small cut over appellant's eye. He first had told police that following the attack he went to a vacant apartment building where he cleaned up and then went to sleep. However, a witness later testified that appellant was covered with blood when he came to his house and that he permitted appellant to clean up at his place.

The fact that appellant first claimed ownership of the watch, then was forced to concede that it in fact was the decedent's watch, and his varying stories of the gang attack and his actions thereafter was evidence upon which the jury was justified in finding that appellant's account of the incident was not credible. Although the evidence in large part was circumstantial, it was sufficient to support the verdict of the jury. *See Menefee v. State* (1987), Ind., 514 N.E.2d 1057.

 Appellant also makes the additional claim that he was denied his presumption of innocence by the finding of guilty on circumstantial evidence alone. In *Oates v. State* (1982), Ind., 429 N.E.2d 949, 952, this Court stated:

> "The presumption of innocence, which belongs to every criminal defendant at the outset of a trial, is a concept for protecting the accused against being convicted upon doubtful evidence.... The presumption exists as a matter of law,.... It cannot be said that the presumption was denied simply because the evidence was conflicting or because reasonable men might differ in their conclusions therefrom."

We cannot say that the trial resulted in a denial of appellant's presumption of innocence.

The trial court is affirmed.

SHEPARD, C.J., and KRAHULIK, J., concur.

DICKSON, J., dissents with separate opinion in which DeBRULER, J., concurs.

DICKSON, Justice, dissenting.

Upon appellate review for sufficiency of evidence we consider only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, and will affirm if a reasonable trier of fact could find each element of the charged crime proven beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In the present case, the murder court charged that the defendant did "knowingly kill another person."

Applying our standard of review, I am unable to conclude that the evidence was sufficient to enable the jury to find such intent element proven beyond a reasonable doubt.

DeBRULER, J., concurs.