No 15,800.

## CAVENDER v. THE STATE.

CRIMINAL LAW.—*Burglary.*—*Circumstantial Evidence.*— *Value of, How Determined.*—The true test by which to determine the value of circumstantial evidence in respect to its sufficiency to warrant a conviction in a criminal case, is not whether the proof establishes circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances, satisfactorily established, are of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every hypothesis of his innocence.

SAME.—*Insufficiency of Evidence to Sustain Conviction.*—*Reversal of Judgment.* —Where the circumstances relied on to sustain the conviction of the defendant on a charge of burglary are inconclusive, and not of such force as to exclude the innocence of the defendant, who had hitherto borne an unblemished reputation for honesty, the judgment will be reversed.

From the Ripley Circuit Court.

*E. P. Ferris, A. Stockinger* and *C. Bagot,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, J.—The appellant was convicted on a charge of burglary, and sentenced to two years imprisonment in the State's prison. The only question requiring consideration is whether or not the evidence justifies the verdict of guilty.

No useful purpose could be subserved by setting out a summary of the evidence, or by indulging in extended argument to show wherein it is insufficient to sustain the judgment of conviction. Elaborate briefs have been presented on both sides: on the one hand to show that the conviction is not sustained by any proof; on the other that it is. The concession is frankly and justly made by the learned Attorney General, that the evidence is not conclusive of the appellant's guilt; but a forcible argument is submitted to show that there are numerous circumstances in proof which coin-

Cavender v. The State.

cide with guilt.   It is, of course, conceded that the evidence
is wholly circumstantial, there being not even a suggestion
that there is any direct proof implicating the appellant.  We
quite agree that there is evidence which, if believed by the
jury, coincides with the guilt of the accused.   This, how-
ever, falls far short of fulfilling the requirements of the law
in order to warrant a conviction on circumstantial evidence
alone.   As has been well said :   " While circumstantial ev-
idence is, in its nature, capable of the highest degree of moral
certainty, yet experience and authority both admonish  us
that it is a species of evidence in the application of which
the utmost caution and vigilance should be used."

It has been the declared law of this State ever since the
decision in *Sumner* v. *State*, 5  Blackf. 579, that circumstan-
tial evidence, to be sufficient for a conviction, ought to
be of a conclusive tendency ; that is, its tendency ought to be
not only to convince the minds of the jury of the guilt of
the defendant, but to exclude every supposition inconsistent
with his guilt.

The true test by which to determine the value of circum-
stantial evidence, in respect to its sufficiency to warrant a
conviction in a criminal case, is, not whether the proof es-
tablishes circumstances which are consistent, or which coin-
cide with the hypothesis of the guilt of the accused, but
whether the circumstances, satisfactorily established, are of
so conclusive a character, and point so surely and unerringly
to the guilt of the accused as to exclude every reasonable
hypothesis of his innocence.   The force of circumstantial
evidence being exclusive in its character, the mere coinci-
dence of a given number of circumstances with the hypothe-
sis of guilt, or that they would account for, or concur with,
or render probable the guilt of the accused, is not a reliable
or admissible test, unless the circumstances rise to such a
degree of cogency and force as, in the order of natural causes
and  effect, to exclude, to a moral certainty, every other
hypothesis except the single one of guilt.   *Binns* v. *State,*

66 Ind. 428 ; *Stout* v. *State*, 90 Ind. 1 ; Gillett Crim. Law, section 873. The proof must not only coincide with the hypothesis of guilt, but it must be inconsistent with every other rational conclusion. Moreover, where circumstances which tend to support the hypothesis of guilt are accounted for, and explained consistently with innocence, it is a necessary conclusion that to the extent that the explanation assumes the degree and force of the incriminating circumstances, the latter are weakened or neutralized. So, too, adopting the language of Chief Justice SHAW : " If any one fact necessary to the conclusion is wholly inconsistent with the hypothesis of the guilt of the accused, it breaks the chain of circumstantial evidence upon which the inference depends ; and, however plausible or apparently conclusive the other circumstances may be, the charge must fall." *Commonwealth* v. *Webster*, 5 Cush. 295 (318).

Again, the appellant voluntarily put his character in evidence, and established a reputation that appears to be without blemish by a number of witnesses whose testimony remains unchallenged. Now, when an accused person proves an unblemished reputation, it stands as a factor in the case, tending to fortify and establish innocence ; and where the evidence against him is wholly circumstantial, and the testimony for and against him is nearly balanced, the weight of a good character ought to exert a potent influence in turning the scale in his favor. *Commonwealth* v. *Webster, supra; Kistler* v. *State*, 54 Ind. 400; *McQueen* v. *State*, 82 Ind. 72.

The force and weight of evidence of good character depends somewhat upon the nature of the charge preferred against the accused, and should be considered in determining the probability of a man of previous high character committing a crime of the nature of the one under investigation.

The charge in the present case is such as to fix upon the perpetrator of the offence the character of a " sneak thief," or hotel pilferer, the evidence of the prosecuting witness

Cavender v. The State.

tending to show that a person unknown to him entered his room, in a hotel, in the night time, and secreted himself under the bed, as the witness supposed, for the purpose of rifling his pockets of a watch and a small sum of money after he should have fallen asleep.

The accused was shown to be a considerable farmer, a man of affairs, who had filled the office of county surveyor, and who enjoyed an unspotted reputation among his neighbors. It has been well said, that when the charge is that of pilfering and stealing, evidence of a high character for honesty ought to satisfy a jury that the accused is not likely to yield to so slight a temptation, unless the evidence of guilt is so clear and overwhelming as to leave no doubt.

The prosecuting witness was not a man accustomed to carrying considerable sums of money, or anything of much value, on his person. It does not appear that the appellant knew that he had any money in his possession at the time he is alleged to have secreted himself under the witness's bed. It seems incredible that a man in comparatively easy circumstances, under no pressing need, one who had always borne a good reputation for honesty, should all at once assume the character of a petty thief, loitering under a bed in a hotel.

The circumstances relied on to sustain the conviction were, in themselves, inconclusive, and not of such force as to exclude the hypothesis of the innocence of the appellant. Some of the circumstances, as, for example, that the skull-cap and glove found in the prosecuting witness's room belonged to the appellant, were either greatly weakened or incontestably overthrown, and when they were overturned the whole fabric of the prosecution is left in ruins. The identification of the skull-cap and glove was exceedingly lame, to begin with, and, as it turned out, it was indisputably proved that the skull-cap could not have been the property of the appellant, because he had his on at the time he was arrested, while the one found in the room was in the custody of the hotel-keeper.

Without, however, going over the evidence to see whether or not there may be "a scintilla, or crumb, dust of the scales," it is sufficient to say, that there is no evidence which in any justifiable view can be regarded as sufficient to sustain the conviction of one who has shown himself possessed of an unblemished reputation, of the crime which is alleged to have been committed.

The judgment is, therefore, reversed, and the clerk is directed to make the proper order concerning the return of the appellant.

BERKSHIRE, C. J., did not participate in the decision of this case.

