LINDLEY v. STATE OF INDIANA.

[No. 24,932. Filed May 26, 1929.]

*John T. Walterhouse* and *Thomas V. Miller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Fred C. Gause*, Deputy Attorney-General, for the State.

MYERS, J.—Appellant and another were charged by affidavit and convicted in the court below of unlawfully transporting intoxicating liquor in an automobile. Acts 1923 p. 108, ch. 34. In this court, he relies alone on his assigned error of the trial court in overruling his motion for a new trial. In support of this motion, his only insistence is that the court erred in refusing to give to the jury his tendered instruction No. 2, and in giving, on its own motion, instructions Nos. 6 and 17.

The court gave appellant's tendered instruction No. 1 which, in substance, told the jury that if they found from the evidence beyond a reasonable doubt that appellant,

while walking along the highway, was invited by the occupant of a passing automobile to ride with him and he accepted the invitation and became a passenger therein without knowledge that the automobile was carrying intoxicating liquor, and that he was not in any way connected therewith, he should go acquitted; while instruction No. 2, refused by the court, in effect, stated that proof beyond a reasonable doubt that appellant rode in the automobile in which intoxicating liquor was being transported would not alone be sufficient to convict unless the evidence also convinced the jury beyond a reasonable doubt "that the defendant exercised control, supervision, or dominion over the automobile, or over the whisky or other intoxicating liquor transported therein."

Both of the above instructions pertain to the same subject. No. 1 substantially covered the field included in No. 2, but neither was a correct exposition of the law. The jury might reasonably have interpreted No. 1 as requiring the defendant to establish his innocence by proof beyond a reasonable doubt. The law cast no such obligation upon him. On the contrary, he is presumed to be innocent until every element essential to constitute the offense charged is proved beyond a reasonable doubt. Consequently, if from want of evidence or from evidence favorable to the accused, the jury entertains a reasonable doubt of the truth of any of such elements, there should be an acquittal. §2302 Burns 1926; *Fritz* v. *State* (1912), 178 Ind. 463, 99 N. E. 727.

Under the evidence in this case, instruction No. 2 calls for an acquittal in case the jury should not find that defendant exercised control, supervision or dominion over the automobile or the intoxicating liquor transported therein. It is incomplete, for, if the jury found that appellant knowingly was a party to, or knowingly assisted in, the transportation of such

liquor, the jury would be warranted in finding him guilty. This instruction was properly refused. The giving of No. 1, although erroneous, is not reversible error in favor of the party tendering it.

The purpose of the court in giving instruction No. 6 was to define the word "'transport' as used in this statute." By the words "this statute," the court evidently had in mind, and the jury must have understood, that this reference to the statute was to the one making it unlawful to transport intoxicating liquor in an automobile, etc. The affidavit charged unlawful transportation of intoxicating liquor in an automobile, but the court, after defining the word "transport" as meaning "to carry over or across, or to convey from one place to another," proceeded to charge the jury that "if you find from the evidence beyond a reasonable doubt that the defendant Ralph Lindley carried or transported intoxicating liquor from one place to another on his person or in an automobile, or in any manner whatever, and all of the other allegations in said count of said affidavit being proved beyond a reasonable doubt, you should find the defendant guilty." That part of this instruction authorizing a finding of guilty whether appellant transported the liquor in an automobile or otherwise was incorrect and erroneous. Appellant was charged with transporting intoxicating liquor in an automobile, and, for that offense alone, he was being tried, and for that offense alone he could be legally convicted. It seems to us that the quoted language of the instruction authorizing a finding of guilty in case the jury found that appellant "in any manner whatever" transported intoxicating liquor was entirely outside of the issue to be tried, and were it not for the fact that there was no evidence whatever before the jury from which it might even infer such transportation in any other manner than by an automobile, we would be compelled to reverse the judgment.

We must assume that the jurors in this case were reasonably intelligent, and understood and appreciated the issue being tried, and if so, and there being no evidence whatever tending to prove another and different offense, that part of the instruction not pertinent to the issue, we are convinced, had no persuasive influence with the jury.

Instruction No. 17 had reference only to the forms of verdict, but, in that connection, the jury was told that "if you shall find the defendant guilty you do not fix and assess the punishment in this case at all."

By this instruction, it is claimed that the court invaded the province of the jury for the reason that, under the charge made against defendant, he might have been found guilty of either transporting intoxicating liquor in an automobile—a felony—or of transporting intoxicating liquor as defined by §1, ch. 23, Acts 1923 p. 70, in which case—misdemeanor—the jury and not the court should assess the punishment. Appellant was guilty of transporting intoxicating liquor in an automobile under the charge preferred against him or not guilty at all. Unquestionably, appellant was riding in a car owned and driven by another person which, at the time charged in the affidavit, was carrying intoxicating liquor, and, from the uncontradicted testimony of the officers alone, it appears that, while they were in pursuit of the car in which appellant was riding, he stepped out of the car onto the running board and threw from the car a glass jug said to contain intoxicating liquor, then jumped from the car and ran.

We have read carefully the record in this case, and have reached the conclusion, in view of the law presuming correct action on the part of the trial court, that no reversible error has been shown.

Judgment affirmed.