PRICE *v.* STATE OF INDIANA.

[No. 26,047. Filed January 30, 1933.]

*Carl J. Broo, Conrad Wolf* and *George B. Shenk,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* of counsel, for the State.

HUGHES, J.—Appellant, a bank cashier, was indicted, tried by a jury, convicted, and sentenced to imprisonment for a term of from 2 to 14 years and fined $6,600, under §1, Ch. 29, Acts 1929, §2481 Burns Supp. 1929, which provides that:

"Whoever, being . . . cashier . . . of any . . . bank . . . shall, in any way, obtain as a borrower any of the funds of such bank . . . without first executing his note or other evidence of debt therefor, bearing the written consent thereto of the board of directors of . . . such . . . bank . . . indorsed on such note or other evidence of debt, shall be deemed guilty of a felony and, on conviction, shall be imprisoned in the state prison for not less than two years nor more than fourteen years, and be fined in double the amount so received."

The indictment charges that: "Charles C. Price, late of said county, on the 29th day of January, in the year A. D. 1930, at the County of Howard and State of Indiana, aforesaid, being then and there the cashier of a certain incorporated bank doing business in the County of Howard and State of Indiana, to-wit: Farmers Trust and Savings Bank of Kokomo, Indiana, and the said

Charles C. Price did then and there obtain as a borrower a large amount of the funds of said bank, to-wit: $3,300, without first executing his note bearing the written consent thereto of the board of directors of said incorporated bank, by then and there taking said sum of money from the funds of said bank and substituting therefor a certain note as follows:

"$3,300.00. Kokomo, Ind., January 1, 1930. Six months after date, we or either of us promise to pay to the order of Farmers Trust and Savings Bank, at Farmers Trust and Savings Bank, of Kokomo, Indiana, Thirty Three hundred no/00 dollars with interest at the rate of eight per cent per annum from date until paid with attorney's fees, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest, notice of protest and non-payment of this note, Grace M. Price Est., by Chas. C. Price, Adm. Due July 1, 1930. No. 13048. Address Principal Security, and then and there carrying away said money contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Many of the questions relied upon by the appellant for a reversal of this cause are not properly brought before this court and therefore can not be considered.

It is the law that the record must contain some evidence to prove every essential element of the offense charged in the indictment, otherwise the verdict or finding of guilty will not be sustained by the evidence and will be treated as contrary to law. §2325 Burns 1926, subd. 9, provides, as one of the causes for a new trial, the following:

"When the verdict of the jury or the finding of the court is contrary to law or is not sustained by sufficient evidence." As is said in *Chapman* v. *State* (1901), 157

Ind. 300, p. 303, 61 N. E. 670, 671: "A verdict is contrary to law when it appears to have been reached by processes denied by the law. Therefore a verdict unsupported by any evidence is contrary to law. And a verdict without any evidence in support of some fact essential to the existence of the crime charged is equally contrary to law. . . . In such cases we are not called upon to weigh the evidence, but only to determine where there is an absence of evidence in support of the verdict as a whole, or some material fact."

One of the errors assigned is sufficient to require us to determine whether the record brings the case within this principle. The indictment charges that "the said Charles C. Price did then and there obtain as a borrower a large amount of the funds of said bank, to-wit, $3,300 . . . by then and there taking said sum of money from the funds of said bank. . . ."

The evidence, in substance, given by the State to sustain the charge in the indictment is as follows: The bank held two notes, one for $1,800 signed by C. R. Mason and one for $1,500 signed by O. M. Deweese. The note set out in the indictment for $3,300 dated January 1, 1930, was given to take up the two notes above mentioned. One of the witnesses was Roy E. Harper, who was assistant cashier of the Farmers and Savings Bank at the time the bank closed. In answer to the following questions: "You may tell the jury how much money the defendant Charles C. Price obtained as a result of this note ($3,300 note) if you know?" Answer: "Transaction of notes." "Did he obtain a dollar in money?" Answer: "I do not know." "He didn't receive any money as I understand the definition of money-trading of notes." "The note was given to take up two other notes." Question: "They never paid out a dollar of money?" Answer: "No money that I know of." Ernest B. Steward, president of the Farmers Trust and

Savings Bank of Kokomo, testified that the appellant received no money on the $3,300 note that he knew of.

Miss Florence Bell, bookkeeper at the bank, testified that she charged off the C. R. Mason note for $1,800 and the O. M. Deweese note for $1,500 and in their place the $3,300 note in question was given.

It is essential to uphold a conviction in a criminal case that there must be evidence to support the verdict and if there is an absence of such evidence the verdict is contrary to law and should not stand.

One of the essential facts charged in the indictment was that the appellant . . . "did then and there obtain as a borrower a large amount of the funds of said ██ bank, to-wit, $3,300 . . . by then and there taking said sum of money from the funds of said bank. . . ."

In law the word "money" has a technical meaning according to which it is to be interpreted when used in statutes unless there is something in the context to show that a wider meaning is intended. When used in judicial proceedings, it is always to be taken in its technical sense, 40 C. J. 1489. "Money" as used in an indictment charging the betting of "money" does not include United States treasury notes, such notes not being "money" in the legal acceptance. *Williams* v. *State* (1849), 20 Miss. 58.

A count for "money" loaned should not be construed to allege the loan of a United States bond, and hence such a count is not sustained by evidence of the loan of such a bond. *Waterman* v. *Waterman* (1876), 34 Mich. 490.

The evidence fails to sustain the essential facts charged in the indictment and the verdict therefore was contrary to law.

The appellant has not properly brought into the record by a special bill of exceptions the argument of the prose-

cuting attorney which he asserts was improper. The appellant also contends "that the court erred in overruling the objection of the defendant to receiving the verdict . . . and contained no finding as to the amount purported to have been received by the defendant." We find no such objection or ruling in the record.

Judgment reversed, with instruction to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Roll, J., not participating.