AMSTUTZ *v.* STATE OF INDIANA.

[No. 26,615. Filed June 9, 1936.]

*Townsend, Thomas & Hilgemann,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Alvin C. Johnson, Henry R. Wilson, Jr.,* Assistant Attorneys-General, and *Otto W. Koenig,* for appellee.

TREMAIN, J.—The appellant was indicted and convicted under Section 10-1716, Burns' Ann. St. 1933 (§2478, Baldwin's 1934). The indictment was in two counts. The first count charged that on October 29, 1932, appellant was president and director of the Harlan State Bank, and "did then and there, knowingly, unlawfully and feloniously obtain as a borrower from said bank the sum of Three Thousand Five Hundred Sixty-one ($3,561.54) Dollars and Fifty-four Cents out of the funds of said bank without first executing any note or other evidence of debt therefor, bearing the written consent thereto of the Board of Directors of such bank indorsed on such note or other evidence of debt."

The second count is the same as the first except that it alleges that appellant, from December 22, 1931, to October 29, 1932, "did then and there at various times . . . obtain as a borrower . . . Three Thousand Five Hundred Sixty-one ($3,561.54) Dollars and Fifty-Four Cents . . . the exact amount of the different sums so received and the dates of the receipt of the same so borrowed being unknown to the Grand Jury."

A motion to quash the second count was overruled. The grounds of the motion to quash were that the facts stated therein did not constitute a public offense; that the count contained matters which, if true, would constitute a legal bar to the prosecution; and, that the facts did not state the offense with sufficient certainy.

Upon a plea of not guilty, the cause was submitted to the court for trial without a jury. The appellant was acquitted on the first count and convicted on the second. The judgment of the court was that he be committed to the Indiana State Prison for a term of not less than two years nor more than fourteen years, and that he be fined in the sum of $6,148.20. A motion for a new trial, on the grounds that the finding of the court was not sustained by sufficient evidence, and was contrary to law, was overruled. On appeal to this court the appellant has assigned as error the overruling of his motion for a new trial and the overruling of his motion to quash the second count of the indictment.

There is scarcely any conflict in the facts. The appellant was, at the time of the transactions involved in this action, and for many years prior thereto, president and director of the Harlan State Bank. Since 1927, and during the time of the transactions involved, the Harlan State Bank had been and was the receiver of the Grabill State Bank, and was engaged in the process of liquidating that bank. But three persons seem to have been actively engaged in the operation and management of the Harlan State Bank. Those were the appellant, Mr. Miller, the cashier, and Mrs. Freeman, the bookkeeper. The uncontradicted evidence is that the appellant, at least from December 22, 1931, to October 29, 1932, gave practically his entire time to the bank's business. Miller, the cashier, became ill about the beginning of that time, and in the spring of 1932 underwent an operation, which disabled him to the extent that he rendered very little service to the bank in 1932. During that time the appellant not only attended to all matters in connection with the liquidation of the Grabill State Bank, which he had done for several years, but in addition he had control and management of the Harlan State Bank.

During the year 1932 the Harlan State Bank was in need of cash. In order to secure more cash the appellant made several trips to Chicago in an effort to borrow from the Reconstruction Finance Corporation upon the collateral owned by the bank. On one trip he took the cashier with him. Another time he took his attorney along. He made some trips to Indianapolis during that period upon the same matter. He acted with the appraisers in appraising land secured by mortgages which were to secure the Reconstruction Finance Corporation in the event a loan was made. A loan was made in the sum of $10,500. He used his own automobile in making all the trips to Indianapolis and Chicago, except one. Also he used it in appraising the land and in making collections due the Harlan State Bank during that period of time.

The evidence shows that the board of directors were not very active, but met monthly as required by law. In attending to the numerous business transactions, the principal ones of which are mentioned above, the appellant drew from the bank from time to time, sums sufficient to pay expenses incurred in traveling by rail and automobile, including the expenses of those assisting in the business transactions. The records of the bank give the dates and amounts of the sums advanced by the bank to appellant to pay these expenses. The manner of keeping the record was by charging the same to the appellant as an overdraft. It is undisputed that the board of directors knew that appellant was using the various sums as aforesaid, and that the account of the same was carried as an overdraft, to be paid from the fees due on the final liquidation of the Grabill State Bank.

The appellant received no salary for his services during the time described in the second count of the indictment or for a long time prior thereto. Bank examiners made an audit of the Harlan State Bank in September,

1932, and discovered the overdrafts of the appellant. A meeting was called of the board of directors, apparently in a lawyer's office in Fort Wayne. All of the directors, including the appellant and the persons making the audit of the bank, were present. The situation was canvassed, and an explanation was made to the bank examiners concerning said overdrafts. The bank examiner at that time wrote upon his report and on the page revealing the overdraft of the appellant, the following statement:

"Overdraft constitutes salary due & Expense due in re Grabill State Bank receivership & is approved by this board."

It was signed by all the board members except the appellant.

Thereupon, the appellant executed his note dated October 29, 1932, payable to the Harlan State Bank in the sum of $3,561.54, due sixty days after date. That note took care of the overdraft as shown by the books of the bank.

In addition to the statement prepared by the bank examiner and signed by the board of directors, other than appellant, it was agreed by the directors that said note was not to be paid by the appellant, but was to be paid from said Grabill State Bank receivership fees. The purpose of its execution was to make the records of the bank show a better financial condition without any idea of the payment of the note by appellant. The bank examiner and all the directors fully understood this matter. The appellant did not receive any money at the time the note was executed.

Bank records, showing numerous transactions which made up the overdrafts, were introduced in evidence, and each item was explained as to how it was used, and who received the benefit. Some of the items, charged to the appellant as an overdraft, consisted of money paid for

the use of one Leighner, who was indebted to the bank in the sum of $3,000. Leighner owed the Joint Stock Land Bank a sum of money secured by mortgage, and did not have sufficient funds to pay the interest on that loan when it became due. The interest money was advanced by the Harlan State Bank for the purpose of protecting its loan against a foreclosure, and the sums so advanced were charged to the appellant's account and constituted part of the overdraft.

At the time the appellant executed said note, the evidence shows without contradiction, the bank was indebted to the appellant in an amount in excess of the face of the note. When the appellant signed the note, the surplus of the Harlan State Bank was approximately $833. The appellant testified that:

> "I executed this note to help the bank out on its financial showing. There was no other object in making out this note and depositing it with the bank, excepting that of helping the financial showing of the bank. I did not get a dollar from anybody for the execution of that note . . . I did not at any time obtain from Harlan State Bank, as a borrower, one dollar that is represented by the principal named in that note."

The foregoing statement was not contradicted by any evidence introduced in the case. The record has been searched in vain for any evidence or testimony of any witness tending in the slightest to show that the appellant received any money from the Harlan State Bank as a borrower.

Apparently the state was willing to and did rest its case upon the record of the bank books, and made no effort whatever to contradict the explanation given by witnesses as to how and why the numerous items were carried upon the books as an overdraft of appellant. The record as a whole discloses that the question involved was a matter of bookkeeping and nothing more. Under the uncontradicted facts, the appellant was never

to be required to pay the note. It was to be paid from moneys received from the Grabill State Bank receivership. It is clear, upon the facts disclosed, that a civil suit would not lie against the appellant to recover the amount named in the note.

It is well settled that the record must contain some evidence to prove each essential element of the offense charged in the indictment, otherwise a finding of guilty can not be sustained. *Price* v. *State* (1933), 204 Ind. 316, 184 N. E. 181. A careful search of the record for evidence to sustain the finding and judgment has been unavailing. Sufficient facts are wholly absent, and for that reason the cause must be reversed.

Appellant discussed with much force two other questions. One, that a specific finding in favor of the appellant upon the first count of the indictment so palpably contradicts the facts alleged in the second count that there could not be a conviction under it. The other is that the second count is bad for duplicity and uncertainty in that each of the several amounts, alleged to have been obtained by appellant as a borrower, aggregating $3,561.54, constitutes a separate offense, and cannot be compounded so as to constitute the one charge attempted to be joined in that count.

It is not necessary for this court to extend this opinion by a discussion of those questions in view of the position taken that the finding and judgment are not sustained by sufficient evidence and are contrary to law. Therefore, the judgment is reversed.