McCoy et al. *v*. State of Indiana.

[No. 29,546.  Filed February 27, 1958.]

*Ferdinand Samper,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellants were charged by separate affidavits with the crimes of entering to commit a felony under Acts 1941, ch. 148, §5, p. 447, being §10-704, Burns' 1956 Replacement, and automobile banditry under Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement.

The causes were consolidated for trial and the jury found the appellants guilty of auto banditry, and they were sentenced to the Indiana Reformatory for a determinate period of ten years. A fourth person was tried with appellants and likewise found guilty. However, a mistrial was declared as to him when it was discovered that he was only 17 years of age.

Three questions are presented for our determination.

*First:* Appellants assert that the trial court erred in giving its Instruction No. 17 for the reason that "said instruction was not a correct statement of the law."

Rule 1-7 of this court provides that objections to the giving of instructions shall be specific, and no error with respect to the giving of instructions shall be available as a cause for a new trial or on appeal, except upon specific objections made. The objection to the giving of Instruction No. 17 does not specifically state in what way or why such instruction is not a correct statement of the law, and in

our opinion is, under the provisions of Rule 1-7, *supra,* not sufficiently specific to present any error on appeal.

*Second:* Appellants assert that it was error to permit the introduction of State's Exhibit No. 1 consisting of a five dollar bill which was among the money found in appellants' automobile at the time it was searched by the arresting officers in Tipton, Indiana.

The evidence on this point discloses that a filling station owner in the city of Tipton, Indiana, testified, as a witness for the State, that on the morning of September 23, 1956, he arrived at his filling station at about 6:30 and as he approached the station he saw someone jump "from behind the station and . . . under a truck" which was "parked there." As the man came from under the truck he ran and entered "an old model Plymouth in two different colors of blue paint," which was parked nearby, and when he entered the car it "pulled away." This witness further testified that he observed that when the man came from under the truck there was grease on his trousers.

The witness also testified that the lock on the door from which he had seen the man run was "jimmied" and was "pried at on the frame." The witness got in his car and attempted to overtake the two-tone Plymouth and, failing in this, he then notified the city police, telling them what had happened and giving them a description of the car and the grease spot on the man's trousers.

One of the arresting officers testified that after he was notified by the filling station owner of the attempted break-in, he went to the filling station where he examined the door and "could see there where they had been prying on the lock of the back door." He further

testified that he and another officer then started cruising and saw the Plymouth automobile which had been described to them. The witness then testified further, in pertinent part, as follows:

". . . we pulled them over and said something to them about them driving so fast and then I looked in the back seat and saw this man with the blue shirt and blue trousers, so we told them they would have to come with us and they got out of their car and got in the police car and we took them back to Mr. Smith's station and he said he thought that was the man he saw taking off around from the back of the station, and so we held them for investigation and then we goes back and gets the car and take it to the filling station and we started searching the car until we found two or three loose cigars and we kept looking around and we looked on the heater and found two cigar boxes, one box with Phillies and another with some other kind in it and one cigar box had money in it, some bills and change, I think we counted about thirty-four dollars and that was all turned over to the chief of police."

This evidence is sufficient to show that at least one of the four accused had attempted to break in and enter the filling station in Tipton and when they were interrupted by the arrival of the owner, they used the Plymouth automobile which was parked nearby in an attempt to escape.

The arrest and search herein without a warrant was legal if, at the time appellants were taken into custody, the arresting officer had reason or probable cause to believe that appellants had committed a felony. *Stearsman v. State* (1957), 237 Ind. 149, 143 N. E. 2d 81, 88; *Enlow v. State* (1955), 234 Ind. 156, 158, 125 N. E. 2d 250.

The felony which is the basis for probable cause here is the use of an automobile in an attempt to escape

from a filling station in Tipton where appellants, or one of them, had attempted to commit a felony. See: Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement, *supra.*

It seems to us that the foregoing evidence is sufficient to show that at the time appellants were taken into custody the arresting officers had reason to believe that they had attempted to commit a felony and that the Plymouth automobile in which they were apprehended was used in attempting to escape from the scene of the attempted felony, i.e., the attempt to break in and enter the filling station in Tipton, Indiana. Under the circumstances here the evidence which was obtained as a result of the search of appellants' automobile was incidental to a lawful arrest; and such evidence was admissible in the trial of the offense for which appellants were convicted. *Stearsman* v. *State, supra,* 237 Ind. 149, 143 N. E. 2d 81, 90, 91; *Arthur* v. *State* (1949), 227 Ind. 493, 86 N. E. 2d 698. See also: *Pettit* v. *State* (1935), 207 Ind. 478, 188 N. E. 784; *Sisk* v. *State* (1953), 232 Ind. 214, 225, 110 N. E. 2d 627; *Sisk* v. *Overlade* (1955), 7 Cir., 220 F. 2d 68. Hence, State's Exhibit No. 1 was properly admitted in evidence.

*Third:* Appellants assert that the evidence is insufficient to support the verdict of the jury and is, therefore, contrary to law.

In order to sustain the conviction herein, it was necessary for the State to show beyond a reasonable doubt (1) that appellants committed, or attempted to commit, a felony as charged in the affidavit; and (2) that they had on or near the premises an automobile which they intended to use, or did use, in an attempt to escape. *Roark, Holcomb* v. *State* (1955), 234 Ind. 615, 130 N. E. 2d 326.

(1) Appellants "submit that the record discloses" that a burglary was committed at the time and place charged in the affidavit. Appellants McCoy and Miller admitted to police, who testified at the trial, the burglary at the filling station at Jamestown, Indiana, and the three appellants herein, and the fourth man charged in the affidavit, were apprehended in the same automobile in which property and money which was taken in the burglary at James town were found.

We think under the circumstances as shown by the record here the jury could reasonably have found that appellants had committed the felony charged in the affidavit.

(2) An examination of the evidence most favorable to the State on the question of the use of an automobile to escape discloses that the burglary herein was committed in Jamestown, Indiana, between 12:30 and eight o'clock a. m., on Sunday, September 23, 1956; that about two o'clock a. m. on the same morning the postmaster of North Salem, Indiana, a town five miles from Jamestown, Indiana, heard a car stop in front of his house. He looked out the window where the car was ten to twelve feet from his bedroom and saw four young men in the car. They sat there "quite a bit" and then got out of the car and "went up town." This witness further testified that he did not know the car so wrote down the license number, which was Indiana license AZ 7043. After some ten or fifteen minutes the young men came back and got in the car and drove away towards Jamestown. The evidence further discloses that about seven o'clock a. m. later the same morning appellants were apprehended in Tipton, Indiana, in a car bearing Indiana license number AZ 7043 and in which was found certain money and other prop-

erty which had been taken from the filling station that had been burglarized in Jamestown, Indiana.

There is no direct evidence that appellants had on or near the filling station in Jamestown an automobile which they used to escape; however, a conviction may be sustained wholly on circumstantial evidence, if there is some substantial evidence of probative value from which a reasonable inference, that establishes the guilt of appellants beyond a reasonable doubt, may be drawn. *Todd* v. *State* (1951), 230 Ind. 85, 90, 101 N. E. 2d 922; *Myers* v. *State* (1954), 233 Ind. 66, 67, 116 N. E. 2d 839.

The true test of circumstantial evidence is whether "in the order of natural causes and effects, the facts proved can be explained consistently with the innocence of the prisoner." *Beavers* v. *The State* (1877), 58 Ind. 530, 537.

In determining the guilt or innocence of appellants herein, the entire evidence, including the confessions of appellants McCoy and Miller, is to be considered and the weight of testimony to be determined from the whole body of the evidence. *Breedlove* v. *State* (1956), 235 Ind. 429, 443, 134 N. E. 2d 226.

Considering all the evidence in the record before us, there was sufficient evidence of facts and circumstances from which the jury might reasonably have drawn an inference that appellants had on or near the premises where the felony charged in the affidavit was committed, an automobile, by the use of which they escaped.

The evidence is sufficient to sustain the verdict of the jury and it is not contrary to law. Under these circumstances it was not error to overrule appellants' motions for a directed verdict of not guilty.

Appellants have failed to sustain their burden of showing reversible error and the finding of the trial court must be affirmed.

Judgment affirmed.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 190.