HAWKINS *v*. STATE OF INDIANA.

[No. 29,994. Filed September 21, 1961.]

*Robert L. Mellen, Mellen & Mellen,* of Bedford and *Gray & Waddle,* of Petersburg, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

LANDIS, C. J.—Appellant was indicted for violating the Indiana Election Code in that he unlawfully failed to file account and statement of political funds

as required by the act.[1] After a trial by jury appellant was found guilty as charged, was fined in the sum of $500.00 and sentenced to the Indiana State Farm for 180 days. He appeals from the judgment.

Appellant's contention on this appeal *inter alia* is that the verdict is not sustained by sufficient evidence and is contrary to law.

The indictment in substance alleged that appellant Dewey Hawkins:

"... did unlawfully fail and refuse to make out, ... and file with the Clerk of the Martin Circuit Court within twenty days after the Primary Election . . . held . . . on the 6th day of May, 1958, a full, true and detailed account and statement, subscribed and sworn to by him . . . he . . . then and there being the treasurer of a political committee within the definition of the Indiana Election Code in this, that the said Dewey Hawkins not then and there being a member of a political committee or the political agent of any political committee, or a candidate for public office but then and there having assumed to act as and having acted as a treasurer of a political committee in that he did engaged [sic] in receiving money for a political purpose to-wit for use in securing the nomination of John Sanders as a candidate of the Democrat Party for the office of Commissioner from the First District of Martin County, Indiana, the said Dewey Hawkins so assuming to act and acting as the treasurer of a county political committee, and by reason of being such treasurer, being required so to make out, verify and file such report because of this, that he the said Dewey Hawkins did as such treasurer, during the five months preceding such primary election, collect, receive and keep sums of money, . . . having been collected, received and kept for a political purpose to-wit for use in securing the nomination of John Sanders as a

1. See: Burns' Indiana Statutes (1949 Repl.), §§29-5701—29-5715.

candidate of the Democrat Party for the office of Commissioner . . . the said Dewey Hawkins so assuming to act as the Treasurer of a county political committee, all being contrary . . . [etc.]."

The statute[2] under which the indictment was drawn provides as follows:

"Political committee treasurer—Appointment, duties, bond—Penalty.—Every political committee shall appoint and constantly maintain a treasurer to collect, receive, keep and disburse all sums of money or other valuable things which may be collected, received or disbursed by such committee or any of its members for any purposes mentioned in section three hundred and sixty-six (366) [29-5701] of this article or for which such committee exists or acts, *and, unless such treasurer is first so appointed and maintained, it shall be unlawful and a violation of this article* [§§29-5701—29-5715 ]*for a political committee or any of its members to collect, receive, keep or disburse money or other valuable things for any such purposes* . . . *and any person other than a member of such political committee or other than the policital agent hereinbefore defined, who shall engage in receiving or disbursing money for any political purpose shall be deemed a treasurer of a political committee within the meaning of this article* [§§29-5701—29-5715], *and shall be subject to all the requirements, obligations, and penalties hereby provided for in the case of such treasurer* * * * ." (Our emphasis).

The terms "political committee" and "political agent" used in said statute are defined as follows:[3]

"Political Committee— . . . —Political Agent.— The term 'political committee,' as used in this article [§§29-5701—29-5715] shall include every committee or combination of two [2] or more persons to aid or promote the success or defeat of any political party or principle in any election, or of

2. Burns' Indiana Statutes (1949 Repl.), §29-5703, *supra.*
3. Burns' Indiana Statutes (1949 Repl.), §29-5702, *supra.*

any proposition submitted to vote at a public election, or to aid or take part in the nomination or election of any candidate for public office. . . . The term 'political agent' shall include all persons appointed by any candidate before any election or primary election to assist him in his candidacy, or to collect, keep, receive or disburse moneys or any other thing of value to aid or promote the success of such candidate. . . ."

Although the indictment set forth above obviously contained some matters of surplusage, it is undisputed that it was drawn on the theory that appellant became a treasurer of a political committee within the meaning of a portion of Burns' §29-5703, *supra*, due to the fact that he was not a member of a political committee nor a political agent as defined in the act, but that he engaged in receiving or disbursing money for political purposes and therefore was deemed to be a treasurer of a political committee within the meaning of the statute.

Appellant however contends that no evidence was introduced to show appellant was not a member of a political committee nor a political agent, as alleged in the indictment.

Appellee (The State) in its brief has conceded that among the material allegations to be proved by the State were the allegations that appellant was not a member of a political committee and was not a political agent. What does the evidence show as to proof of these allegations?

Appellee submits as proof thereof the testimony of four witnesses for the State to the effect that each of them gave money contributions to appellant (who was county highway superintendent) for the purpose of aiding the political campaign of one John Sanders

who was a candidate for County Commissioner. Appellee also relies on the testimony of John Sanders for the State to the effect that at no time did he have any conversation with appellant regarding any campaign fund from the county highway members.

This evidence with all inferences favorable to appellee is entirely insufficient, however, to prove the allegations of the indictment that appellant was not a member of a political committee and that he was not a political agent.

There can be no question that under the statute upon which the indictment was predicated these were material allegations and appellee has conceded this to be true. The law is however well established that before a verdict of guilty can be sustained on appeal each material allegation contained in the indictment must be established by the evidence. *Price* v. *State* (1933), 204 Ind. 316, 318, 184 N. E. 181, 182; *Luther* v. *State* (1912), 177 Ind. 619, 622, 98 N. E. 640, 641. We must conclude the verdict was not sustained by sufficient evidence and was contrary to law.

In view of the result we have reached it is not necessary to consider the remaining contentions of error asserted by appellant.

Judgment reversed with directions to sustain appellant's motion for new trial.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 40.