SCHOOLER v. STATE OF INDIANA.

[No. 30,662. Filed July 8, 1966. Rehearing denied October 11, 1966.]

*George R. Brawley,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged by affidavit with the offense of shoplifting. After waiving trial by jury, she was found guilty of shoplifting by the court. The court imposed a fine of $10.00 and the costs of the action and sentenced her to the Women's Prison for a period of not less than one nor more than five years.

On appeal, she relies only upon the overruling of her motion for new trial. The motion for new trial is that the "verdict of the Court is contrary to the evidence and the law." We assume that the appellant intended to call in question the sufficiency of the evidence to support a conviction, and this is the theory upon which the case was argued.

From an examination of the record, the evidence most favorable to the finding of the trial court would indicate that in the forenoon of August 29, 1963, the appellant and one Jilean Stallings came to the Tower Parking lot in Fort Wayne, Indiana in a car belonging to Jilean Stallings. Around 11 to 11:30 a.m., the appellant and Jilean Stallings entered the Meyers and McCarthy Men's Store in Fort Wayne, which is located across Harrison Street east of the Tower parking lot. While in the store, the appellant asked to see certain men's knit shirts. She was shown some shirts, and told the salesman that she was going to pay some bills, and that she would come back and buy one of the shirts if she had enough money left. While they were in the store, both the appellant

and Jilean Stallings were carrying large straw bags, described as being 12″ x 14″ or larger. The appellant and Jilean Stallings were then seen leaving the store, and going back to the Tower parking lot.

At the Tower Parking lot, they were observed by the attendant to go back to the car belonging to Jilean Stallings. They then left the car in the parking lot and proceeded east. Within a minute or two after the appellant and Mrs. Stallings had left the store, it was discovered that two men's knit shirts and a man's suit were missing. A short time later, two policemen were summoned and proceeded to the Tower Parking lot where they observed the automobile belonging to Jilean Stallings. Through the open window, the officers saw in a brown paper sack what looked like a man's suit and some sweaters or shirts. The officers waited at the parking lot for the occupants of the car to return.

After the officers had waited two or three hours, the appellant and Mrs. Stallings were seen coming west toward the parking lot more than a block away. They were identified to the officers by the parking lot attendant as being the occupants of the car. The appellant and Mrs. Stallings then saw the policemen at the parking lot and kept looking at them in an apprehensive manner. They walked toward the parking lot continuing to look at the police officers, turned north and walked on past the parking lot the length of the block, turned east, and started to walk away from the parking lot along the street one block to the north. At that time, the officers proceeded around the block and accosted them.

At the time they were stopped they told the officers that they had come to town in a taxi. They were brought back to the automobile, and after the merchandise had been identified, they were arrested. The straw bags which they were carrying contained nothing at that time except a head scarf in one bag, and there were no billfolds, receipts or bills despite the fact that the appellant claimed that she had made some pay-

ments and some purchases. The merchandise still contained the identifying tags from the store, which the testimony indicated were always removed from purchased goods, and no sales slips or receipts were in the car or in the possession of the appellant and Mrs. Stallings. From the testimony of the appellant, it appears that the appellant had twice before been convicted of shoplifting on occasions when she was accompanied by Mrs. Stallings.

It is true that there is no direct evidence in the sense that no witnesses were able to testify that they saw the appellant taking anything. However, it has long been settled that a conviction can rest entirely upon circumstantial evidence if there is substantial evidence of probative value to support an inference of guilt. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914; *McCoy et al.* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190.

And while it is true that the appellant denied certain of the facts given above in her testimony, the court was not bound to accept her story where there was evidence of probative value tending to contradict it. *Harrison* v. *State* (1964), 245 Ind. 336, 197 N. E. 2d 770; *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848.

Considering all the evidence contained in the record, we are of the opinion that there is sufficient evidence to support the finding of the court below.

Judgment of the trial court is therefore affirmed.

Arterburn & Myers, JJ., concur. Jackson, J., dissents, with opinion. Achor, J., not participating.

## DISSENT

JACKSON, J.—I cannot agree with the conclusions reached in the majority opinion and dissent thereto.

The majority opinion admits that there is no direct evidence of the appellant's guilt. The uncontradicted evidence of all the witnesses for the State is that none of them ever saw appellant with any of the merchandise alleged to have been stolen. There is no evidence that appellant was ever in possession of the merchandise alleged to have been taken, nor is there any evidence of any kind that appllant knew or could have known that the merchandise alleged to have been stolen was in the automobile belonging to Jilean Stallings. Not a single one of the State's witnesses, including the clerks in the store, testified that appellant was seen with any merchandise. Each of these witnesses did testify they did *not* see appellant with any merchandise. It is significant that appellant and Jilean Stallings were also observed by the attendant in the parking lot going to the car belonging to Jilean Stallings, but there was no testimony or evidence from him or any one else, that they then, or at any other time, were in possession of the property allegedly stolen.

At sometime during the afternoon two policemen were called to the Tower Parking Lot where they observed the automobile belonging to Jilean Stallings. The officers saw, through the open window of the car, a brown paper sack containing what looked like a man's suit and some sweaters or shirts. After waiting some two or three hours the officers observed appellant and Mrs. Stallings proceeding in the direction of the parking lot, at which time the officers arrested the appellant and her companion, Mrs. Stallings. The officers admitted at the time of the arrest that they saw no crime committed, and that neither appellant or her companion had with them any of the merchandise. It is admitted by the State that the officers had no information that either appellant or her companion had committed any crime, nor did the officers have a warrant for the arrest of appellant or her companion.

We are not compelled in the case at bar to weigh the evidence to determine the issues in this case. There is a total

lack of evidence as to the guilt of the appellant, and this being a criminal case, the law requires the guilt of the appellant to be proven beyond any reasonable doubt. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Lindley* v. *State* (1929), 201 Ind. 165, 166 N. E. 661; Acts 1905, ch. 169, § 261, p. 584, § 9-1806, Burns' 1956 Replacement.

Some authority is cited in the majority opinion on the proposition that ". . . a conviction can rest entirely upon circumstantial evidence if there is substantial evidence of probative value. . . ." In criminal cases there is no inference or presumption of guilt. On the contrary the innocence of the defendant is presumed until guilt is proven beyond a reasonable doubt.

The fact situation in this case does not permit the application of the dubious principles of law cited in the majority opinion for the reason that there is no substantial evidence of probative value in the case at bar that points to the guilt of the appellant.

It is well established that a verdict of guilty must be supported by evidence in proof of every element of the offense charged.

The courts have held that the true test by which to determine the value of circumstantial evidence in respect to its sufficiency to warrant a conviction in a criminal case, is not whether the proof establishes circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances, satisfactorily established, are of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every hypothesis of his innocence. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445; *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168; *Cavender* v. *The State* (1890), 126 Ind. 47, 25 N. E. 875.

Mention is made in the majority opinion "[a]t the time

they were stopped they told the officers that they had come to town in a taxi." Other than a statement to that effect by an officer, the only testimony relative to a taxi was that of the appellant who testified *she* had come from home by taxi, that she met Jean Stallings at the corner of Harrison and Wayne Streets.

In addition to the infirmities heretofore pointed out in this dissent, the unlawful arrest of appellant in violation of her constitutional rights, alone, requires a reversal of the judgment herein.

After reviewing, not weighing, all the evidence in the record it is clearly apparent that the evidence is insufficient to support the verdict, and therefore the verdict is contrary to law. The judgment should be reversed and the cause remanded to the trial court with instructions to sustain appellant's motion for a new trial.

## ON REHEARING

RAKESTRAW, C. J.—In her petition for rehearing the appellant complains that the original court opinion did not deal with her allegation that her arrest was unlawful.

We are of the opinion that the facts stated in our original opinion were sufficient facts to demonstrate that the officers making the arrest had proper cause for believing that the appellant had committed a felony and that the arrest was not unlawful.

We are of the opinion that the other matters raised in the appellant's petition for rehearing are without merit.

The petition for rehearing is therefore denied.

Arterburn and Myers, JJ., concur. Jackson, J., voted for rehearing. Achor, J., not participating.

NOTE.—Reported in 218 N. E. 2d 135. Rehearing denied 220 N. E. 2d 344.