## STALLINGS *v.* STATE OF INDIANA.

[No. 30,665. Filed November 15, 1967.]

*George R. Brawley,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from the Allen Circuit Court in which Jilean Stallings was convicted of Shoplifting as charged by affidavit. She was tried without the intervention of a jury, and on a finding of guilty by a Special Judge, judgment was entered and she was sentenced to the Indiana

Woman's Prison for a period of one (1) year, and fined in the penal sum of thirty-five ($35.00) dollars.

The affidavit, omitting the formal parts thereof, reads as follows:

"Undersigned being duly sworn upon oath, says: That on or about the 29th day of August, A.D. 1963, at the County of Allen and in the State of Indiana, said Defendant, Jilean Stallings, did then and there unlawfully and feloniously take, steal and carry away goods to-wit: Two (2) shirts, value $65.00, one (1) man's suit, value $135.00, which were owned, offered for sale and displayed by Meyers & McCarthy, 128 W. Wayne, a mercantile establishment, contrary to the form of the statute in such case made and provided."

The appellant assigns as error that the finding and judgment of the court is not sustained by sufficient evidence and is, therefore, contrary to law.

Jilean Stallings and a companion entered into a men's clothier's store in the Fort Wayne area. They examined several shirts which were on display and were shown to them by a sales representative of the store. The appellant was carrying a large straw bag at least 12 inches square. The appellant did not purchase anything, but left the store, went by her car which was parked in a near-by parking lot, where she stayed for a short time and then left the lot to engage in other business.

Shortly after the women's departure, the sales personnel of the store noticed certain items were missing. A short time later police officers were summoned and they proceeded to the parking lot where appellant's car was parked. Through the open window of the car the officers noticed a brown sack containing what looked to be men's clothing. They waited for the appellant's return and after a period of two or three hours, the appellant and her companion were seen coming toward the car. The women then turned and started walking up another street, whereupon they were intercepted by the officers. The officer testifying at the trial said that he:

". . . noticed that the two girls were looking in the direction of the Tower Parking lot, appeared to me anyhow that they suspected something wrong."

When asked how they came to town, they answered, "by taxi." The officers then requested them to return to their car. After obtaining permission, the police searched the car and took from it a man's suit and two (2) men's shirts which were positively identified as those stolen by the sale tags and brand labels which were still attached. Appellant had no sales slip or explanation for the goods. The large straw handbag, still being carried by the appellant, contained nothing except a head scarf despite the fact appellant stated she had made several payments and purchases.

Eye-witness testimony traced the appellant's actions throughout the day; however, no one actually saw the appellant take the goods.

Appellant is correct in saying that this conviction did rest on circumstantial evidence. However, Indiana law is well settled on the issue that a conviction can rest entirely on circumstantial evidence if it is substantial and of probative value to support an inference of guilt. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914; *McCoy et al.* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190. In *Schooler* v. *State* (1966), 247 Ind. 624, 218 N. E. 2d 135, under almost identical facts, this Court held that there was sufficient evidence to support a conviction for Shoplifting. See also, *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759.

Judgment affirmed.

Hunter, C. J., and Arterburn and Mote, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am unable to concur in the conclusions reached by the majority opinion herein and dissent thereto.

This is the companion case to one entitled Mary E. Schooler v. State of Indiana, being numbered 30662 on the dockets of this Court, decided July 8, 1966, and reported in 218 N. E. 2d 135. By reference such case and my dissent therein are hereby incorporated and made a part hereof.

The affidavit in the case at bar, omitting caption, formal parts and signatures, reads as follows:

"Undersigned being duly sworn upon oath, says: That *on or about the 29 day of August, A.D., 1963, at the County of Allen and in the State of Indiana, said Defendant, Jilean Stallings, did* then and there unlawfully and feloniously *take, steal and carry away goods to-wit: 2 shirts, value $65.00, 1 man's suit, value $135.00, which were owned, offered for sale and displayed by Meyers & McCarthy, 128 W. Wayne St.,* a mercantile establishment, contrary to the form of the statute in such case made and provided." (Emphasis supplied)

The affidavit in the Schooler case, *supra,* omitting caption, formal parts and signatures, reads as follows:

"Undersigned being duly sworn, upon oath, says: That *on or about the 29 day of August, A.D., 1963, at the County of Allen and in the State of Indiana, said Defendant, Mary E. Schooler* did then and there unlawfully and feloniously *take, steal and carry away goods to-wit: 2 mens shirts value $65.00, 1 man's suit value $135.00 which were owned, offered for sale and displayed by Myers & McCarthy, 128 W. Wayne St.* a mercantile establishment contrary to the form of the statute in such case made and provided." (Emphasis supplied)

In support of its case the State produced five (5) witnesses, three of whom, McAtee, Ahlemeyer and Meyers were employees of the Meyers and McCarthy store. One witness, Ware, was the attendant at the parking lot where appellant parked her car, and one witness, Harold Taylor, was a policeman for the City of Fort Wayne.

Not a single witness produced by the State testified he at any time ever saw the appellant Jilean Stallings *"take, steal or carry away goods"* mentioned in the affidavit, or any other

merchandise. The three store employees and the policeman were asked on cross-examination if they had seen the appellant take anything from the store. Each of them testified they did not.

The only evidence in any way linking the appellant with the merchandise alleged to have been stolen was the fact that in her unlocked car, which had the window open and down, there was observed a large brown paper bag containing two shirts and a suit. This merchandise was later identified as having the same labels as other merchandise in Meyers and McCarthy's store. Not one single witness ever placed any of the merchandise in the bag in the hands of the appellant or her companion. It seems beyond credulity and any reasonable stretch of imagination that appellant would place recently stolen merchandise in an unlocked car, with the window down, in a public parking lot where anyone could see it and where free access to it could be had by anyone.

This is a criminal case and the law requires that the guilt of the defendant be proven beyond any reasonable doubt. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Lindley* v. *State* (1929), 201 Ind. 165, 166 N. E. 661; Acts 1905, ch. 169, § 261, p. 584, being § 9-1806 Burns 1956 Replacement.

If any essential allegation of the offense charged is not proved, the verdict is not sustained by sufficient evidence and is contrary to law. *Hawkins* v. *State* (1961), 242 Ind. 111, 177 N. E. 2d 40; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *La Mar* v. *State* (1953), 231 Ind. 508, 109 N. E. 2d 614; *Carrier* v. *State* (1949), 227 Ind. 726, 89 N. E. 2d 74; *Price* v. *State* (1933), 204 Ind. 316, 184 N. E. 181.

In the case at bar there is not one scintilla of evidence that the appellant "did then and there unlawfully and feloniously *take, steal and carry away*" anything, let alone merchandise from Meyers and McCarthy.

Furthermore, in addition to the infirmities heretofore pointed out, the unlawful arrest of the appellant and the il-

legal search of her car in violation of her constitutional rights, alone, requires the reversal of the judgment herein.

Finally, one Mary Schooler has been convicted of the theft of the merchandise described in the affidavit in the case at bar. Mary Schooler and the appellant were charged individually and not jointly or as accomplices.

This cause should. be reversed and remanded to the trial court with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 231 N. E. 2d 29.