MORAN *v.* STATE EX REL. VOOR ET AL.

[No. 1269S287. Filed January 26, 1971. No petition for rehearing filed.]

*Isadore D. Rosenfeld, Patrick Brennan,* of South Bend, for appellant.

*William E. Voor, Jr.,* Prosecuting Attorney, of South Bend, for appellees.

GIVAN, J.—The appellee, State of Indiana ex rel. William E. Voor, Jr., Prosecuting Attorney, 60th Judicial Circuit, filed a complaint for temporary and permanent injunction to abate a common nuisance alleging that certain premises which were specifically described by legal description known as Jean's Truck Stop had been used as a house of prostitution, therefore constituting a common nuisance under the statute. Burns Ind. Stat., 1956 Repl., § 9-2701 *et seq.*

The trial court rendered judgment in favor of the plaintiff, and defendant appeals.

An examination of the record in this cause reveals that it is totally devoid of any evidence that the legal description set

out in the complaint describes the land on which Jean's Truck Stop is located. The judgment of the trial court reads as follows:

"The Court having heretofore heard the evidence in this cause and arguments of counsel, and having taken the cause under advisement for consideration and judgment, and the Court now being sufficiently advised in the premises finds for the plaintiff on his complaint for a temporary injunction and against the defendant Katherine Moran, and that the nuisance complained of in plaintiff's complaint does exist.

"IT IS THEREFORE CONSIDERED ADJUDGED AND DECREED by the Court that upon the filing by the plaintiff of a bond to the approval of this Court the said Katherine Moran be and she hereby is restrained from conducting or permitting the following described premises in St. Joseph County, Indiana to wit:

"All of that part of the East One-Half (½) of the Northeast Quarter of Section Twenty-Two (22) in Township Thirty-five (35) North, Range One (1) West which lies South and West of Highway Number Six (6) containing Three (3) acres more or less,

to be used or kept for the purposes of lewdness or prostitution until the final hearing of this cause or until further order of the Court."

The evidence submitted to the trial court was ample to establish that there had been prostitution at Jean's Truck Stop located on Highway 6 near the intersection of Towle Road in St. Joseph County. However, the judgment of the court makes no such reference. The property described in the court's judgment was never identified by any of the evidence. This Court has repeatedly held that where there is not sufficient evidence in the record to support the decision of the trial court, the decision is contrary to law. *Hawkins* v. *State* (1961), 242 Ind. 111, 177 N. E. 2d 40; *LaMar* v. *State* (1953), 231 Ind. 508, 109 N. E. 2d 614; *Price* v. *State* (1933), 204 Ind. 316, 184 N. E. 181.

We find no evidence in the record to support the judgment of the court. The cause is therefore reversed and remanded to

the trial court with direction to dissolve the temporary injunction heretofore granted.

Arterburn, C.J., and DeBruler and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 265 N. E. 2d 251.